ALBERT H. TRUAX *vs.* ANDREAS M. MILLER.

Argued Dec. 18, 1891.  Decided Jan. 18, 1892.

Accord and Satisfaction—Evidence.—Verdict *held* not sustained by the evidence.

Appeal by defendant from an order of the district court of St. Louis county, *Stearns,* J., made August 4, 1891, denying his motion for a new trial.

The action was tried April 10, 1891.  After the evidence was all submitted, defendant requested the judge to charge the jury that plaintiff could not recover, in so far as his claim was based upon the contract for excavation, or matters arising out of or connected with it; that as to that cause of action the receipt mentioned in the opinion was a complete accord and satisfaction.  This was refused, and he excepted.  The jury found a verdict for plaintiff, and assessed his damages at $1,535.  The defendant moved for a new trial, on the ground that the verdict was not justified by the evidence, and was contrary to law, and for errors in law occurring at the trial, and excepted to by him.  The court denied the motion, and he appealed.

*Walter Ayers,* for appellant.

The writing signed by the plaintiff at the time of payment constituted something more than a mere receipt.  It constituted or evidenced a contract, and as such its terms could not be varied or contradicted by parol evidence.  *Howard* v. *Norton,* 65 Barb. 161; *Kellogg* v. *Richards,* 14 Wend. 116; *Egleston* v. *Knickerbacker,* 6 Barb. 458; *Coon* v. *Knap,* 8 N. Y. 402; *Ryan* v. *Ward,* 48 N. Y. 204.

Independently of the question presented by the foregoing proposition, the payment made by the defendant was upon the express condition that it should be received in full payment or settlement of all matters arising out of or connected with the contract in question. It then follows that the plaintiff must receive it with this condition annexed, or decline to receive it.  He could not accept the payment, and reject the condition.  *Baptist Conv.* v. *Ladd,* 58 Vt. 95; *Palmerton* v. *Huxford,* 4 Denio, 166; *Donohue* v. *Woodbury,* 6 Cush.

148; *Calkins* v. *State*, 13 Wis. 389; *Massing* v. *State*, 14 Wis. 502; *Scully* v. *Delamater*, 28 Fed. Rep. 114; *Richardson* v. *Hampton*, 70 Iowa, 573.

*Hollembaek & Wood*, for respondent.

To constitute the acceptance of a less sum than the ascertained debt, a good accord and satisfaction, the agreement to so accept such sum must be founded upon a good or valuable consideration. The mere acceptance of such lesser sum, unless founded upon such consideration, does not preclude the person to whom the lesser sum was paid from recovering the balance. *Curran* v. *Rummell*, 118 Mass. 482; *Redfield* v. *Holland Purchase Ins. Co.*, 56 N. Y. 354; *Miller* v. *Coates*, 66 N. Y. 609; *Harriman* v. *Harriman*, 12 Gray, 341; *Bunge* v. *Koop*, 48 N. Y. 225; *Bliss* v. *Shwarts*, 65 N. Y. 444.

The receipt contains no words from which it can be argued or claimed that plaintiff entered into a contract to release the defendant from the payment of the $2,000. *Morris* v. *St. Paul & C. Ry. Co.*, 21 Minn. 91.

GILFILLAN, C. J. This action is brought to recover, among other claims, the balance claimed to be due upon a contract for excavating at specified prices per cubic yard for the foundation for a building in Duluth. By the terms of the contract plaintiff was to complete the work within 50 days from the date of it, and it was agreed that for every day's delay in completing it after the 50 the plaintiff should pay as liquidated damages, and not as a penalty, the sum of $100. It is conceded that there was a delay of 38 days after the expiration of the 50 days, though plaintiff now claims that the delay was caused by the fault of the defendant. He did not, however, make such claim to defendant till after the compromise hereinafter mentioned. Defendant pleads an accord and satisfaction as to all the claims in the complaint except one, as to which he pleads a tender, and the amount of which claim he brought into court. The principal evidence of the accord and satisfaction consisted of what purports to be the final estimate of the architects under which was a receipt in full signed by plaintiff. The estimate stated the amount of work and contract prices as follows:

"7,569 cu. yds. rock excavation at \$1.75, - - \$13,245 75
2,545 cu. yds. earth excavation at .40, - 1,018 00

\$14,263 75
Less previous estimates, - - - 9,328 75

\$ 4,935 00

"Thirty-eight days' demurrage from the time of expiration of contract to the finishing of the work at \$100.00 per day, as liquidated damages, to be deducted from this estimate. See contract."

This was signed by the architects, and under their signature is the receipt: "Received payment in full. A. H. TRUAX." There appear on it in pencil, written, as the evidence indicates, by defendant at the time of the payment, under the - - - - 4,935
the figures - - - - - - 2,000

2,935

The \$2,935 was the amount paid plaintiff at the time he signed the receipt. Had damages for the delay been fully allowed, there would have been due plaintiff only \$1,135, instead of the \$2,935 paid him. It is evident, therefore, that there was deducted from plaintiff's claim for excavating \$2,000 on account of the delay, and the oral evidence sustains the inference raised upon the paper itself. The claim of defendant for damages on account of delay in the work was, to state it most favorably to plaintiff, a disputed claim; and, if the parties compromised it so as to deduct, on account of it, \$2,000, instead of \$3,800, such compromise was upon a valuable consideration, so as to bind the parties. In such a case the concession made by each is a consideration for the concession made by the other, and, if the agreement is followed by payment made and accepted, it is a good accord and satisfaction. The case is different from the acceptance in full payment of a part only of an undisputed liquidated debt due at the time, in which case there is no concession by the party paying, as a consideration to support the agreement of the other to accept what is paid, and release the remainder. Without deter-

mining whether the entire writing, after it was signed by plaintiff, was in itself a written contract to compromise, so that oral evidence would be inadmissible to contradict or vary it, we repeat that the oral evidence introduced sustained, instead of contradicting, the writing. Plaintiff procured the estimate from the architects, and took it to defendant, manifestly for the purpose of being paid what was due him on the contract for the work. What was said and done between the parties was with reference to that matter, and nothing else, and it resulted in defendant paying and plaintiff accepting $2,935 in full. There is some difference between the parties as to what was said, the defendant stating that plaintiff, when he, defendant, said, "Instead of deducting thirty-eight hundred dollars, we will deduct two thousand, and, if that is satisfactory, Mr. Truax, I will give you a check," said, "All right." That then the receipt was signed, and the check delivered to plaintiff, who thanked defendant, and went out. The sum of plaintiff's testimony is that, after some talk about the delay in the work, "he finally told me, says he, 'If you want to take $2,935'—and he made a memorandum here, and he says—'you can take it;' and I told him I had to have 'what you are a mind to give me to-day, because I can't do anything else.' And I got up to leave the room, and I told him if he would pay me a thousand dollars more I wouldn't do anything further about it. He said he wouldn't pay it, and I went out." He also says he complained that it was unjust. It cannot be questioned, on the plaintiff's own testimony, that the $2,935 was offered as a compromise, and that he took it, and signed the receipt in full. Whether he complained of it either before or after is immaterial. Of course, any complaint after the compromise was made and carried into effect could not avail him; and any objection he may have made to the terms offered him became immaterial as soon as he accepted those terms. If a contract may be overturned by showing that during the negotiations for it one of the parties objected to the terms offered by the other, few contracts would stand. If plaintiff did not intend to accept the $2,935 in full as it was offered, good faith required of him to reject it. To permit him, after he accepted the check tendered as a compromise, to avoid the conditions on which it was ten-

dered, would operate as a fraud on defendant, for it would put him in a position of serious disadvantage in respect to his claim for damages on account of the delay. The verdict ought to have sustained the defense of accord and satisfaction. The court ought to have instructed the jury to render such a verdict.

Order reversed.

(Opinion published 50 N. W. Rep. 935.)