## SELBY v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, D. Washington, N. D. March 18, 1895.)

No. 387.

1. PLEADING—SUFFICIENCY OF DENIAL.
    A mere general denial of the allegation, in an action on a life insurance policy, that the insured in his lifetime fully complied with all the requirements and performed all the conditions of his contract, raises no issue.
2. LIFE INSURANCE—EFFECT OF WARRANTY.
    Where neither a policy of life insurance nor the application upon which it is granted contains any stipulation that a breach of a warranty contained in the application shall ipso facto nullify the policy, the breach of such a warranty renders the policy voidable, but does not render it void, nor entitle the insurer to defeat a recovery upon it, unless he has seasonably manifested an intention to rescind the contract, and returned or tendered a return of the premiums.

At law. Action by Christine Selby on three life insurance policies issued by the Mutual Life Insurance Company of New York on the life of her husband. The defendant pleaded, in avoidance of liability, that the plaintiff's husband, in his written application, upon which the policies were issued, made and warranted certain statements which were not true. Verdict in plaintiff's favor for the full amount of the policies and interest. Argued on motion for a new trial. Motion denied.

Fred H. Peterson and L. C. Gilman, for plaintiff.
Strudwick & Peters, for defendant.

HANFORD, District Judge. The answer in this cause contains no denial of the allegations of the complaint, except the allegations that the plaintiff's husband in his lifetime fully complied with all the requirements, and performed all the conditions, of his contract with the defendant. A mere general denial of such a general statement raises no issue, and, according to the rules of pleading, all the facts well pleaded in the complaint are admitted. I can find no fatal defect in the plaintiff's case as set forth in her complaint; therefore she is entitled to a judgment on the pleadings for the full amount demanded, unless the affirmative allegations of the

answer are sufficient, if true, to avoid liability on the policies. The sum and substance of said affirmative defense is this: The husband of plaintiff, in his application for the insurance, warranted certain statements of fact concerning himself; the policies sued on were issued in consideration of said warranty, and the warranty is a part of the contract; there was a breach of the warranty, for certain specified statements made in said application were untrue. It is not alleged that the defendant has returned or tendered a return of the premiums; fraud is not charged, and it is not alleged that the defendant has been damaged by breach of the warranty, nor that it made an agreement which it would not have consented to if the truth had been given in said application. And it is not alleged that by any stipulation in the application, or in the policies, or otherwise, the parties agreed or consented that a breach of the warranty should ipso facto nullify the policies, or entitle the defendant to claim a forfeiture of the premiums paid. In fact, the application and policies introduced in evidence on the trial show that no such stipulation is contained therein. The policies, which were the only written evidence of the contract delivered to or retained by the insured, are free from the mass of verbiage found in many forms of life insurance policies, and quite liberal in terms. It is not unlikely that the advantage of policies in such form was urged upon plaintiff's husband, by the defendant's soliciting agent, as an inducement for preferring this company over other life insurance companies, and the particular plan of insurance selected over other plans.

The theory of this defense is that the warranty is like a condition precedent, and that, notwithstanding the receipt and retention by the defendant of the premiums, and the issuance of the policies, and although the parties did not incorporate into their contract a stipulation to that effect, a mere breach of the warranty renders the policies void ab initio. A warranty as to any fact, which becomes an integral part of the basis of a contract, differs from a mere representation of such fact in this: it precludes any controversy as to the materiality of such fact,—whereas a false representation is not ground for avoiding a contract, unless the party to whom it is made relies upon it, and is actually induced by it to enter into an agreement or consent to terms disadvantageous to him. Keeping this distinction in view, it is plain that the facts pleaded would be sufficient to entitle the defendant to rescind the contract if, after being apprised of the breach, it had, with reasonable promptness, elected to rescind, instead of retaining whatever profit or advantage the contract afforded. But the same facts would afford no ground for the insured to treat the contract as a nullity. He could not, against the will of the defendant, withdraw his application for insurance, and compel a return of the money paid as premiums. Authorities are numerous holding that the insurer may waive a breach of warranty, and abide by the contract, and this seems to be in accordance with elementary principles of the law. 2 May, Ins. (3d. Ed.) §§ 497–501, 502; Insurance Co. v. Raddin, 120 U. S. 183–197, 7 Sup. Ct. 500.

Assuming the answer to be true, a question of law arises whether the policy is absolutely void, or only voidable at the election of the insurer. Since the insurer may, in a case like this, waive a breach of warranty, it is obvious that the insured cannot, before giving an opportunity to waive, take advantage of his own wrong by avoiding the contract; hence the validity of the contract depends upon the will of the insurer, rather than upon any inflexible rule of law. By this test, the contract, as it is set forth in the pleadings, is shown to be one which must necessarily be classed as voidable. In the argument and brief of counsel for the defendant, many cases have been cited in which courts have held, in actions upon insurance policies, that the right to recover is barred by breaches of warranty. But on examination I find that in the leading cases of Jennings v. Insurance Co., 2 Denio, 75, and Jeffries v. Insurance Co., 22 Wall. 47–57, the parties fixed the penalty for a breach of warranty by stipulating in the contract that, in case of the violation of any of the conditions upon which the same were based, the policies should become null and void; and it is probable that in other cases the facts were similar, or that the courts, in deciding them, failed to take note of the particular stipulations to which effect was given in cases which were supposed to be precedents and followed. I find, also, that, in the light of later decisions by the supreme court of the United States, many of these decisions must be regarded as erroneous. For example, in the case of Cooper v. Insurance Co., 50 Pa. St. 299, Mr. Justice Strong, in the opinion of the court, cites and follows Jennings v. Insurance Co., supra, holding that parol evidence is not admissible to show that the insured truly informed the agent of the insurers of particulars which the agent had incorrectly stated in the application written by him for the insured, the statements in the application having been made warranties. And in the case of Insurance Co. v. Mahone, 21 Wall. 152, the same learned justice wrote the opinion of the supreme court of the United States, in which it was ruled that parol evidence to show that the insured made true answers to questions in the application to the agent of the insurers, different from the answers as written by the agent, was admissible in an action on the policy, notwithstanding the fact that the answers as written by the agent were subsequently read to the insured, and voluntarily signed by him. I do not find in any of the authorities a reason given for departure from elementary principles in order to relieve an insurance company of the obligation to pay according to its promise while it retains the money paid upon the faith of that promise. The case of Insurance Co. v. Fletcher, 117 U. S. 519–536, 6 Sup. Ct. 837, is relied upon by counsel for the defendant. But I do not regard that case as controlling, for this reason: the insurance company, before defending, made a lawful tender of the premiums received, and did everything necessary to a rescission of the contract; hence the question whether the contract was void, or only voidable, was not in the case. This answer is defective for the reason that it shows only a right to rescind the contract. A complete defense on the ground of a breach of the warranty could

be made only by alleging that the defendant had claimed and exercised its right within a reasonable time, and that there had been an actual rescission of the contract, or at least the answer should disaffirm the contract, and plead a tender of the premiums. 3 Am. & Eng. Enc. Law, 929–932; 2 Pars. Cont. (7th Ed.) 677–681. This objection is not answered by saying that the legal representatives of the deceased may recover the premiums, and that the defendant is not required to make a tender to this plaintiff. Conceding that a tender, to be valid, must be made to the legal representative, it is nevertheless essential to a rescission of the contract that the defendant should return, or at least offer in good faith to return, the premiums to whomsoever may be lawfully entitled to receive the same. No such repayment or offer having been made, the contract is operative, so that the plaintiff may enforce it in this action. Foreman v. Bigelow, 4 Cliff. 508, Fed. Cas. No. 4,934; Gray v. Association (Ind. Sup.) 11 N. E. 477.

As the answer contains no defense whatever, errors in rulings during the trial, if any were committed, cannot be prejudicial to the defendant. It is therefore unnecessary to discuss any of the other propositions advanced in the argument upon this motion. The motion is denied, and a judgment will be entered upon the verdict.