### AMERICAN MUTUAL LIFE INSURANCE COMPANY
### *v.* MEAD.

[No. 5,853.   Filed December 18, 1906.]

1. PLEADING. — *Complaint.* — *Insurance Premiums.* — *Void Policies.*—A complaint for the recovery of premiums paid on a void policy is not founded upon such policy, and such policy is not a necessary part of such complaint. p. 218.

2. PLEADING. — *Complaint.* — *Insurance.* — *Insurable Interest.* — *Mother-in-law.*—A complaint merely showing that plaintiff took out a policy of insurance on the life of his mother-in-law, affirmatively shows that such policy was void *ab initio.* p. 218.

3. SAME.—*Complaint.*—*Insurable Interest.*—*Assent of Assured.* —*Statutes.*—A complaint for the recovery of premiums paid on a void insurance policy, which fails to allege that the mother-in-law, upon whose life the policy was issued, had knowledge thereof, is bad, since by §4902 Burns 1901, Acts 1883, p. 203, §6, a mutual life policy whose premiums are paid by another who has no insurable interest in assured's life is invalid, unless consent thereto is given in writing by assured. p. 219.

4. SAME.—*Complaint.*—*Conclusions.*—*Insurance.*—An allegation, in a complaint for the recovery of premiums paid on a void life policy, that "plaintiff had no insurable interest in the life insured," is a mere conclusion and must be disregarded. p. 219.

5. INSURANCE. — *Premiums.* — *Recovery.* — *Void Policies.* — Premiums paid on a void policy of insurance may be recovered by the person paying same, unless the parties were equally guilty in relation to such policy. p. 219.

6. SAME.—*Premiums.*—*Recovery.*—*Void Policies.*—*Public Policy.* —Public policy requires that equally guilty parties to a void insurance policy be left where they have placed themselves. p. 220.

7. SAME. — *Void.* — *Premiums.* — *Recovery.*—*Wrong Conduct.*— *Equity.*—Where the person paying premiums on a void insurance policy is not equally guilty with the company, equity permits a recovery of the premiums paid. p. 220.

8. PLEADING.—*Complaint.*—*Insurance.*—*Void.*—*Recovery of Premiums.*—*Freedom from Fault.*—A complaint by the person paying premiums on a void insurance policy, to be sufficient, must show that he was not equally guilty with the company in reference to such policy. p. 221.

9. SAME. — *Complaint.* — *Insurance.* — *Void.* — *Recovery of Premiums.*—A complaint showing that plaintiff took out a life policy on his mother-in-law; that the company after the first payment required him to increase his premium payment; that he believed the policy was valid, is insufficient, since it does not absolve him from wrongful conduct in relation to such policy. p. 222.

10. EQUITY.—*Mistakes of Law.*—*Relief from.*—*Maxims.*—Unless the defendant has exercised an undue advantage over the plaintiff, neither equity nor law will afford relief from mistakes due to plaintiff's ignorance of the law, the maxim, "*ignorantia juris non excusat,*" applying. p. 222.

11. PLEADING.— *Complaint.* — *Insurance.* — *Void.* —*Recovery of Premiums.*—A complaint showing that defendant company solicited the plaintiff to take a life policy on his mother-in-law; that defendant represented to him that such a policy would be valid, and that, believing such representation, he accepted same; that he performed all of the conditions on his part and that the policy was void, as defendant knew, because of his want of an insurable interest, is insufficient, since plaintiff is not shown to be sufficiently free from wrong in reference to such policy. p. 223.

12. EQUITY.—*Maxims.*—*Knowledge of Law.*—There is no presumption that every person knows the law, since such a presumption would obviously be untrue. p. 224.

13. SAME.—*Mistakes of Law.*—*Relief from.*—Where a mistake of law is made by the plaintiff because of the inducement, encouragement and solicitation of defendant, and the defendant reaps a reward therefrom at plaintiff's expense, equity may grant relief therefrom. p. 224.

From Steuben Circuit Court; *Emmet A. Bratton,* Judge.

Action by George M. Mead against the American Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Van Fleet & Van Fleet,* and *Frank M. Powers,* for appellant.

*Woodhull & Yeagley,* for appellee.

MYERS, C. J.—Appellant, defendant in the court below, prosecutes this appeal from a judgment for $775, rendered against it and in favor of appellee, assigning errors on the action of the court in overruling its demurrer to each paragraph of the amended complaint. Clearly the purpose of this action is to enforce the return of money paid by appellee to appellant on account of an alleged policy or contract of insurance issued to him by appellant, on the theory that it was void *ab initio,* and was entered into by appellee through a misapprehension of the law, of which appellant was aware at the time it issued the policy and accepted said payments.

It is first insisted that each paragraph of the complaint is bad because of a failure to make the original, or a copy of the contract, a part thereof.  Under appellee's

1. theory the contract is not the foundation of the action, and for that reason it was unnecessary to make it a part of the complaint.  *Metropolitan Life Ins. Co. v. Bowser* (1898), 20 Ind. App. 557.

Appellant also argues that neither paragraph of the complaint is sufficient because it is not shown that the policy was invalid from its inception.  *Metropolitan*

2. *Life Ins. Co. v. McCormick* (1898), 19 Ind. App. 49, 65 Am. St. 392; *Continental Life Ins. Co. v. Houser* (1887), 111 Ind. 266; *Standley v. Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254.  It is clear that, unless the policy was void from its inception appellee cannot recover in this action.  Meeting this proposition, the only facts pleaded, and common to both paragraphs of the complaint show that appellee applied to appellant, an Indiana corporation doing a general life insurance business on the assessment plan, for a policy of insurance on the life of Mrs. Hammond, his mother-in-law; that a policy on her life on such application was issued to him by appellant; that appellee paid the membership fee and all assessments or premiums as they became due on account of said policy.  These facts affirmatively show appellee's lack of a monetary interest in the life insured, and are *prima facie* sufficient to show that the policy was void *ab initio*.  This conclusion is affirmed by the well-settled rule that an insurable interest in the life of another is founded upon a pecuniary interest, not satisfied by the relationship shown to exist between Mrs. Hammond and appellee.  *Continental Life Ins: Co. v. Volger* (1883), 89 Ind. 572, 575, 46 Am. Rep. 185, and cases there cited; *Prudential Ins. Co. v. Hunn* (1899), 21 Ind. App. 525, 69 Am. St. 380; *Davis v. Brown* (1903), 159 Ind. 644; *Ruse v. Mutual, etc., Ins. Co.* (1861), 23

N. Y. 516, 523; 1 May, Insurance (4th ed.), §§76, 103a; *Lewis* v. *Phoenix, etc., Ins. Co.* (1872), 39 Conn. 100, 104.

It is not averred in either paragraph that Mrs. Hammond had any knowledge of the issuing of said policy, and, in the absence of such an averment, it may 3. be presumed that she had none. This presumption, considered in connection with our conclusion on the facts stated, brings the transaction within the statute declaring such policies invalid. §4902 Burns 1901, Acts 1883, p. 203, §6; *American, etc., Ins. Co.* v. *Bertram* (1904), 163 Ind. 51, 64 L. R. A. 935. In the case last cited it is said: "All assessments were to be paid by him, and the policy was issued to him, without her knowledge or consent. The contract of insurance, therefore, was void, both as against public policy and by force of the statute." Citing authorities. For the reasons given, we must act upon the theory that no contract ever existed between the parties to this action. *City of Indianapolis* v. *Wann* (1896), 144 Ind. 175, 187, 31 L. R. A. 743; *Winchester, etc., Light Co.* v. *Veal* (1896), 145 Ind. 506.

Appellee relies to some extent on the allegation found in the second paragraph, "that plaintiff had no insurable interest in the life insured." This is not the averment of a fact, but a conclusion of law, and does not aid the pleading. *Franklin Life Ins. Co.* v. *Sefton* (1876), 53 Ind. 380, 384. In our opinion from the facts and the authorities above referred to, appellant's contention in this particular is not well taken.

Having determined that the policy was void, it necessarily follows that appellant thereby incurred no risk or liability by reason thereof, and without some 5. risk or liability any assessments paid by appellee were without consideration, and must be returned, provided the parties to the contract were not *in pari delicto*. *Metropolitan Life Ins. Co.* v. *Bowser, supra; Metropolitan Life Ins. Co.* v. *McCormick, supra; Waller* v. *North-*

*ern Assur. Co.* (1884), 64 Iowa 101; 2 Joyce, Insurance, §1390.

If the parties to the contract were equally guilty, neither would have any standing in court to enforce an affirmative against the other, the policy of the law being to leave them in the position regarding their rights under such illegal act precisely as they place themselves. *Hutchins* v. *Weldin* (1888), 114 Ind. 80; *Budd* v. *Rutherford* (1892), 4 Ind. App. 386, 392; *Woodford* v. *Hamilton* (1894), 139 Ind. 481; *American, etc., Ins. Co.* v. *Bertram, supra; Blattenberger* v. *Holman* (1883), 103 Pa. St. 555, 558; *Ruse* v. *Mutual, etc., Ins. Co., supra.*

But this general rule has its exceptions "in cases where some statute provides a remedy, or perhaps in cases of oppression or peculiar hardship, or those where public policy clearly necessitates the court's interference," and cases where from the facts disclosed the parties are not *in pari delicto.* 2 Joyce, Insurance, §1405. See 2 Pomeroy, Eq. Jurisp. (3d ed.), §§941, 942. Consequently, we are led to inquire into the position occupied by each of these parties relative to this illegal transaction. For it has been said that "a court of equity may, in the furtherance of justice and of a sound public policy," grant relief to the more innocent of the parties involved in the illegality, upon the theory that they are not *in pari delicto,* "that is, both have not, with the same knowledge, willingness, and wrongful intent, engaged in the transaction, or the undertakings of each are not equally blameworthy." 2 Pomeroy, Eq. Jurisp. (3d ed.), §942. In this latter section of Pomeroy it is also said that this relief may exist in two distinct classes of cases: "(1) It exists where the contract is intrinsically illegal, and is of such a nature that the undertakings or stipulations of each, if considered by themselves alone, would show the parties equally in fault, but there are collateral and incidental circumstances attending the transaction, and affecting the relations of the two parties, which render one of them

comparatively free from fault.   Such circumstances are imposition, oppression, duress, threats, undue influence, taking advantage of necessities or of weakness, and the like, as a means of inducing the party to enter into the agreement, or of procuring him to execute and perform it after it had been voluntarily entered into.   (2)  The condition also exists where, in the absence of any incidental and collateral circumstances, the contract is illegal, but is intrinsically unequal; is of such a nature that one party is necessarily innocent as compared with the other; the stipulations, undertakings, and position of one are essentially less illegal and blameworthy than those of the others." Respectable authority can be found holding that the doctrine thus announced in Pomeroy is not applicable to life insurance contracts.   But in this jurisdiction the principle thus declared has been to a limited extent applied to insurance contracts.   In *American, etc., Ins. Co.* v. *Bertram, supra,* at page 56, it is said: "The general rule is that an action will not lie to recover premiums paid upon an insurance which is illegal by reason of the policy's being illegal by statute, or because of the illegality of the adventure insured.   [Citing authorities.]   But it is held that this rule does not apply where there has been no fraud on the part of the plaintiff; where the policy is void because of innocent misrepresentations; where the plaintiff has been induced to take out the policy by the fraud of the insurer and is himself innocent, or where it is clear that the policy was not a wagering contract, but was taken out under a mistake in regard to the rights of the party insured."

It having been made to appear in both paragraphs that the contract was illegal, the burden was upon appellee to exhibit in his complaint facts *prima facie* sufficient to bring his right to the return of premiums paid within some exception to the general rule.

8.

Turning to the first paragraph of the complaint, for aught that appears, appellee made his application for the

policy he received on the life of his mother-in-law of his own volition, and without any inducement, except from motives of pure speculation. True, he avers that after the first year of his contract he paid a larger monthly assessment, upon the representations of appellant that it would be necessary for him to do so in order for it to carry this policy; that he agreed to this change in assessments, and thereafter paid the same at and when the same were due, until the death of Mrs. Hammond; that at the time he made his application for such insurance, and at the time he paid said sums of money, he "believed that said contract of insurance was in full force and effect, and that said defendant would be liable thereon." It would seem to us that these facts fall far short of stating a cause of action within any of the exceptions to the general rule against such return of premiums. The averment that he was induced to pay a greater monthly assessment by reason of the representation of appellant had but a slight bearing upon the question of appellant's effort to have appellee keep and perform the contract. It does not appear what induced appellee to believe that contract was valid. If this belief was founded upon his ignorance of the law, then the maxim *"ignorantia juris non excusat"* applies, and, as a general proposition, will be rigidly enforced both at law and in equity, to the end that legal rights may be preserved and a definite system established for the guidance of human conduct. Courts should and do proceed with great precaution in affording relief grounded on such mistakes. While many cases are recorded where courts of equity have afforded parties relief from mistakes of law, yet none will be found not supported by special facts impelling a court of equity to interfere to prevent an unconscionable advantage of one party over another, brought about solely by an undue influence or through inequitable conduct, practiced by the party receiving the fruits of the illegal transaction. This principle

of relief is grounded upon a rule of equity aimed at the wrongdoer, effective to prevent such party's taking advantage of his own wrong against an innocent party. *Stockwell* v. *State, ex rel.* (1885), 101 Ind. 1, 8; *Wabash R. Co.* v. *Kelley* (1899), 153 Ind. 119. The demurrer to the first paragraph should have been sustained.

The facts averred in the second paragraph pertinent to the question under consideration, in substance, show that appellant solicited appellee to take a certificate of insurance issued by it upon the life of Hannah Hammond, who was the mother-in-law of the plaintiff; that defendant represented to the plaintiff that a certificate so taken by him upon the life of his said mother-in-law would be valid and in full force and effect as between the parties, and the plaintiff believed such statements and representations so made, relied upon the same, and took said certificate, made all the payments of the assessments and membership fee aforesaid, believing said policy to be of full force and effect and binding between the parties thereto, and did not know that said policy was void and without effect until informed by said defendant; that he performed all the conditions of his contract; that appellee had no insurable interest in the life of the insured, and such certificate for that reason was void, as appellant well knew at the time of issuing said certificate, and at the time of receiving from appellee payments of assessments and membership fee. From anything appearing in the pleading, the representation of appellant, relied on by appellee, was as to the legal effect of a contract based upon facts fully known to both of the parties. They seem to have been upon an equal footing as to the facts and opportunities of knowing the law applicable to such contracts. But it is averred that appellant knew its legal effect, and appellee did not. Why he relied upon the knowledge of appellant in this regard does not appear.

. In *Daily* v. *Board, etc.* (1905), 165 Ind. 99, the court quotes with approval from *Black* v. *Ward* (1873), 27 Mich. 191, 15 Am. Rep. 162, the following: " 'There is no presumption in this country that every person knows the law; it would be contrary to common sense and reason, if it were so.' " Therefore the fundamental maxim, "ignorance of the law will not excuse," may in equity be relaxed. As said in the case of *American, etc., Ins. Co.* v. *Bertram, supra,* at page 60 : "Where the mistake was induced or encouraged by the misrepresentations of the other party to the transaction, and the plaintiff, through misapprehension or mistake of the law, assumes obligations, or gives up a private right of property, upon grounds upon which he would not have acted but for such misapprehension, a court of equity may grant relief, if, under the general circumstances of the case, it is satisfied that the party benefited by the mistake cannot, in conscience, retain the benefit or advantage so acquired." *Bales* v. *Hunt* (1881), 77 Ind. 355; *Parish* v. *Camplin* (1894), 139 Ind. 1, 14; *Chalfant* v. *Payton* (1883), 91 Ind. 202, 208, 46 Am. Rep. 586; *Work* v. *American Mut. Life Ins. Co.* (1903), 31 Ind. App. 153.

What we have said in passing on the sufficiency of the first paragraph is largely applicable to the second. The demurrer to this paragraph should have been sustained.

Judgment reversed, with instructions to sustain the demurrer to each paragraph of the complaint, with leave to amend.