EDWARD P. KELLEY v. DANIEL C. HOPKINS and Another.[1]

July 24, 1908.

Nos. 15,749—(193).

**Broker's Commissions.**

Action to recover for services rendered by the plaintiff to the defendants in negotiating the sale of certain lands. *Held*, that the verdict for the plaintiff is sustained by the evidence, and that the trial court did not err in its rulings on the admission of evidence, but did err in its instructions to the jury as to the effect of an alleged settlement of the plaintiff's claim.

[1] Reported in 117 N. W. 396.

**Compromise—Consideration.**

> Where there is an actual bona fide dispute between parties as to a claim, and they settle it, the compromise is itself a good consideration, and the settlement binding without reference to the merits of the original controversy; but it is otherwise if there was no actual bona fide dispute between the parties.

Action in the district court for Hennepin county to recover $1,450, the balance alleged to be due upon an oral contract by which plaintiff was to be paid a commission of fifty cents per acre for all lands sold through his instrumentality. The case was tried before Holt, J., and a jury which rendered a verdict in favor of plaintiff for the amount demanded. From an order denying their motion for a new trial, defendants appealed. Reversed and new trial granted.

*Albert E. Clarke* and *Purcell & Divet,* for appellants.

*Hall & Kolliner,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover from the defendants, who were partners under the firm name of Hopkins & Russell, $1,600, less a payment thereon of $150, for the alleged services of the plaintiff as agent of the defendants in finding purchasers for certain Canadian lands. Verdict for the plaintiff for the amount claimed. The defendants appealed from an order denying their joint motion for a new trial.

The assignments of error raise the questions whether the verdict is sustained by the evidence, whether the trial court erred in its rulings as· to the admission of evidence, and whether it erred in its instructions to the jury. A brief statement of the issues made by the pleadings will aid us in the consideration of the questions.

The complaint alleged, in effect, that the defendants, who were partners as real estate brokers under the firm name of Hopkins & Russell, and the agents of a corporation which had a large quantity of Canadian lands for sale, hired the plaintiff as their agent to find for them purchasers for portions of such lands; that they agreed to pay him for his services at the rate of fifty cents per acre for such lands sold by them as he was the means of bringing them in contact with the proposed purchasers thereof, or in cases where he was the procuring cause of

such sales; that it was agreed that such commission should be payable to the plaintiff when binding contracts were made for the purchase of such parcels of land; that the plaintiff accepted such employment, and in the execution of the contract he found for defendants purchasers for three thousand two hundred acres of such lands, to whom the defendants were enabled to and did sell the same; that by reason of the services of the plaintiff such purchasers severally entered into binding contracts for the purchase thereof; and, further, that thereby the defendants became indebted to him in the sum of $1,600, no part of which has been paid, except the sum of $150.

The defendants answered separately. The answer of the defendant Hopkins was a general denial, and that of the defendant Russell, answering separately for himself and the firm of Hopkins & Russell, denied the making of the contract alleged in the complaint, and affirmatively alleged that the contract as to the plaintiff's services was that he should assist the defendants in showing the lands they had for sale to certain parties, and that the defendants were to pay him therefor the reasonable value of his services, which was $150, which sum the defendants agreed to pay and the plaintiff agreed to accept in full satisfaction and settlement of his claim on account of his services, and that the defendants did pay it to him.

1. The jury, by their verdict, necessarily found that the plaintiff's version of the contract was correct, and the first question for consideration is whether the verdict in this respect is sustained by the evidence. The claim of the defendants in this connection is: "First. Plaintiff's statement of the alleged agreement to pay him a commission of fifty cents per acre is, in the light of admitted facts, so unreasonable and improbable as to fall little, if any, short of being incredible. Second. It is wholly without corroboration or confirmation, by fact, testimony, or circumstance. Third. It is wholly inconsistent with his own version and statement of important and material facts. Fourth. It is flatly contradicted by the testimony of two witnesses, equally credible."

This robust characterization of the plaintiff's testimony is not wholly justified by the record, a consideration of which leads us to the conclusion that this indictment is no more applicable to the testimony of the plaintiff than it is to that of the defendants. The testimony of

the plaintiff tended to establish the contract as he alleged it in his complaint, and its performance on his part. He was also corroborated in some important particulars. The testimony of the defendants was a radical departure from the issue tendered in the verified answer of the defendant Russell, and to the effect that the contract was that the defendants were to pay the plaintiff $1,000, $640 thereof to be applied on the purchase price of a section of land to be purchased by him, for his services, if ten thousand acres of land were sold, otherwise nothing, and, further, that it was necessary to sell that number of acres in order to secure the land at the wholesale price thereof, but if a less number of acres were sold it would have to be paid for at the retail price, which would not leave any profit to the defendants. The record discloses that the evidence was radically conflicting as to the terms of the contract, and of such a character as to make the question one of fact for the jury. We hold that the verdict is sustained by the evidence.

2. It is further urged that the trial court erred in sustaining plaintiff's objection to the offer of the defendants to show that the sale of the particular land for which plaintiff claims commissions was made through third parties, naming them, who were the agents of the defendants. The mere fact that the sale was consummated by the defendants or their agents was not material, for the plaintiff did not claim that the sales were actually made by him; on the contrary, the contract, as claimed by him, was to bring the defendants and proposed purchasers in contact. If he did this, and a sale resulted, it is immaterial whether the defendants personally or by their agents made the sale. Again, the record shows that the defendants were permitted to and did give evidence as to all the facts connected with the finding of purchasers for the three thousand two hundred acres of land. The ruling of the court as to this offer was not error.

It is also urged that the trial court erred in sustaining plaintiff's objection to the offer of the defendants to show by his cross-examination that the lands sold, for which he claimed commissions, were not sold on the terms, conditions, and payment expressed in the original contract of employment. The ruling was correct, as the terms of the contract of employment were disputed. The offer was, not to show the terms of the sale of the lands actually sold, but to show, as a conclusion, that they were not sold in accordance with the disputed terms of the con-

tract of plaintiff's employment. Again, it appears from the record that the defendants testified fully as to the terms upon which the lands were actually sold, and that the only knowledge which the plaintiff had as to such terms was what one of the defendants told him.

We have examined the other assignments of error relating to the rulings of the trial court on the admission of evidence, and find no substantial error in the rulings of the court.

3. The trial judge instructed the jury, as to the defendants' claim of settlement and payment, to the effect following: "The defendant Russell pleads a settlement, and in their testimony the defendants claim that, after * * * it was ascertained that the contract could not be performed, it was agreed that plaintiff should be released from buying the section of land he had selected and for the services rendered by him he should receive $200. * * * If you find that the plaintiff's claim is correct, namely, that he was to receive fifty cents an acre for every acre * * * the defendants would make binding contracts to sell, * * * then such alleged settlement, if made, would not defeat plaintiff's right to recover, because there would be no consideration for the settlement. * * * However, if the defendants' version of the contract is correct, then such settlement would be binding, because the abandonment of an incompleted contract would be of sufficient consideration to sustain the settlement. But, even then, the alleged settlement, if you find it was made, is not decisive of the case, because, as I have stated to you, if plaintiff's version of the contract is correct, then, even if such settlement was made, it would be no defense to this action; and, if the defendants' claim is true, that the contract was for a thousand dollars commission, conditioned on the sale of ten thousand acres, then plaintiff cannot recover, even if no settlement was made, because it is conceded that ten thousand acres were not sold, * * * so that nothing could become due under the contract. But if you believe the settlement was made, it might have a bearing upon the probable terms of the original contract, and for that purpose you may consider it." This is assigned as error. · ·

It is clear that the instruction was an erroneous statement of the law relating to the compromise and settlement of a disputed claim. The jury were told in effect that, if they were satisfied that the terms of the contract out of which the controversy arose were as the plain-

tiff claimed them to be, then the alleged settlement was without consideration, and would not defeat a recovery, although actually made; but, in case the defendants' version of the contract was correct, then the settlement, if made, would be binding. It is quite obvious that the practical effect of the instruction was a direction to the jury to return a verdict for the plaintiff, in case they found that the terms of the contract were as he claimed, even if they also found that the settlement was made; that only in the event that they found that the defendants' version of the contract was correct could they give any effect to the settlement, if made. The law applicable to cases of this kind admittedly is that where there is an actual bona fide dispute between parties as to a claim, and they settle it, the compromise is itself a good consideration, and the settlement is binding, without reference to the merits of the original controversy; but it is otherwise if there was no actual bona fide difference or dispute between the parties. 1 Page, Cont. § 321; Demars v. Musser-Sauntry Land, L. & M. Co., 37 Minn. 418, 35 N. W. 1.

No exception was taken to the instruction on the trial, or request made by the defendants for further or other instructions as to the subject-matter of the instructions. Therefore it is claimed that the error could not be urged for the first time on a motion for a new trial. It, however, affirmatively appears upon the face of the instruction that it is clear and deliberate, and not the result of any inadvertence or misunderstanding of the evidence on the part of the trial court; hence it does not come within the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

Again, it is urged that, because the defendant Hopkins did not plead any settlement, he cannot complain of the instruction; that the motion for a new trial was correctly denied as to him, and therefore the order denying the joint motion was right, and must be affirmed. Miller v. Adamson, 45 Minn. 99, 47 N. W. 452. It is true that the defendant Hopkins did not plead a settlement, his answer being a general denial; but it is equally true that he gave evidence on his own behalf tending to establish such defense, without any objection that it was not admissible under the pleadings. It was so understood by the trial court, for the opening sentence of the instruction complained of was that: "The defendant Russell pleads a settlement, and in their

testimony the defendants claim that after * * * it was ascertained that the contract could not be performed it was agreed." Then followed a statement of the alleged settlement.

It is, however, urged on behalf of the plaintiff that the issue as to Hopkins was not litigated by consent, because the evidence received was competent as to other issues under the pleadings. The evidence was competent under the answer of Russell, but not under the answer of Hopkins, who was the first to raise the issue by his testimony. If the plaintiff had so desired, it was his right to have asked that the evidence tending to show a settlement be limited to the defendant Russell. But, this aside, we are of opinion that it fairly appears from the record that, if the instruction was reversible error as to the defendant Russell, it was also as to the defendant Hopkins, and that, if the order denying their motion for a new trial is erroneous as to one of them, it is as to both.

It is clear that, unless it appears from the record that the error in the instruction to which exception is taken was not prejudicial to the defendants, it is reversible error. We have attentively considered all the reasons urged in the memorandum of the trial court and in the brief of the plaintiff's counsel to show that the instruction, as applied to the issues and the evidence, was right, and that if any error was made it was in the statement of an abstract proposition of law, which harmed no one. We are, however, unable, in view of the record and the character of the instruction, to agree with their contention. On the contrary, we are of the opinion that the instruction, when tested by the evidence, was erroneous and of a character liable to prejudice the defendants.

Order reversed and new trial granted.