RUBY D. WOODBERY, Appellant, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Respondent, Appellant.*

First Department, March 30, 1928.

Insurance — life insurance — defenses of suicide within first two years, that return of premiums was in full settlement, and that payment constituted accord and satisfaction — policy contained clause that it would be incontestable after two years — answer was not served until after expiration of two-year period — defenses are sufficient.

The policy of life insurance on which this action is based provides for the payment of a sum equal to the premiums paid by the insured if he commits suicide within the first two years. The policy also contains a clause that it will be incontestable after two years from date of issue. The original answer was not served until two years after the date of the issuance of the policy. The defendant pleads that the insured committed suicide within the first two years and that the premiums were returned to the plaintiff upon condition of the surrender of the policy for cancellation which condition was accepted and thereby the obligation was discharged, and the defendant also pleads that the plaintiff's claim was contingent and unliquidated and that the return of the premiums constituted an accord and satisfaction. The defenses are sufficient.

It is a complete defense to this action if the defendant can prove that plaintiff accepted within the two years a return of the premiums in full satisfaction of any claim and surrendered the policy in compliance with the conditions upon which the premiums were returned, for the delivery up of the policy with the intention and for the purpose of discharging the debt operates as a release and discharge in the absence of any fraud or mistake.

At the time the premiums were returned there was a genuine dispute as to whether or not the plaintiff was entitled to the face of the policy or a return of the premiums, and, therefore, the parties having agreed to a return of the premiums as a full satisfaction of any claim on the part of the plaintiff, an accord and satisfaction is shown.

CROSS-APPEALS from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of May, 1927.

Edward W. Simms of counsel [White & Simms, attorneys], for the plaintiff.

Ferdinand H. Pease of counsel [Louis H. Cooke, attorney], for the defendant.

McAvoy, J. Plaintiff appeals from that part of the order which denies her motion to strike out as insufficient in law the first and second separate defenses of the second amended answer to the first cause of action.

* Modifying 129 Misc. 365.

The defendant appeals from the same order in so far as it grants the plaintiff's motion to strike out the third separate defense to the first cause of action and the third separate defense to the second cause of action.

There are three defenses set up to the first cause of action and these are repeated with some variations as defenses to the second cause of action.

The suit is upon a policy of life insurance which provides for payment of:

1. A sum equal to the premiums paid if insured commits suicide within the first two years of the policy.

2. The sum of $20,000 upon receipt of due proof of the death of insured (exclusive of suicide within the first two years).

3. The sum of $40,000 if insured's death results from accidental means as defined therein (exclusive of suicide at any time).

The first cause of action is for $20,000 (the face of the policy) upon the theory that the insured died a natural death. The second cause of action demands an additional $20,000 upon the theory that his death was due to an accidental cause. While it is not apparent why these two causes of action are brought separately, since if the death occurred by accidental means, the suit should be for $40,000, and if it did not so occur, it should be for $20,000, yet such is the pleading. If the suit was brought for $40,000 and the evidence fell short of proving that the death was accidental, according to the terms of the policy, the right to recover $20,000 if death resulted from natural causes would still remain without statement of a separate cause of action. However, there was no point made of this by way of motion.

The three defenses are:

1. That death was due to suicide within the first two years and that the amount due in such case has been paid within such period.

2. That such payment was in full settlement of all claims under the policy and was made upon condition that the policy be surrendered for cancellation, which condition plaintiff accepted, and thereby discharged the obligation.

3. That plaintiff's claim was not admitted, was contingent and unliquidated, and that payment of a part thereof in full settlement constituted an accord and satisfaction.

The first defense is moved to be stricken out by the plaintiff upon the ground that the policy contained not only the suicide clause, providing for payment of the reduced amount in the event of suicide during the first two years, but also contained a clause

that the policy should be incontestable after two years from its date of issue and that no contest was made within those two years. Plaintiff then seeks to strike out the second and third defenses based upon discharge and cancellation and upon accord and satisfaction, respectively, upon the ground that there was no dispute between the parties at the time of such payment, and that the settlement and surrender for a sum less than the face of the claim was of no avail for lack of consideration.

As to the second cause of action plaintiff's motion is directed only to the second and third defenses relating to discharge and accord and satisfaction and does not relate to the first defense to the second cause of action, which sets up the suicide as avoiding the full claim, as a defense to that cause of action. The questions to be ruled on are:

1. Whether the incontestable clause prevents defendant from setting up the defense of suicide at this time where death occurred within the first two years of the policy, where within that time plaintiff accepted from defendant the payment provided for in case of suicide.

2. Whether the payment of the suicide amount in full settlement of the policy on condition that plaintiff surrender the policy, and the acceptance of such payment coupled with the surrender of the policy was a complete discharge of the debt.

3. Whether the payment to and acceptance by plaintiff of the suicide amount in full settlement of the policy was an accord and satisfaction under the circumstances described.

The policy was dated July 25, 1924; the insured died September 16, 1925, and the original answer setting up the contest was not served until September 14, 1926, more than two years after the date of the issuance of the policy.

Plaintiff's appeal, therefore, is grounded (1) upon the holding below that the incontestable clause did not prevent defendant from setting up the defense of suicide where the death occurred within the first two years of the policy and where within that time plaintiff accepted from defendant payment of the suicide amount although the plea (contest) was made two years after date of issue of the policy. The plaintiff also appeals (2) from the holding that payment of the suicide amount in full settlement of the policy on condition that plaintiff surrender it and the acceptance of such payment, coupled with the surrender of the policy could be pleaded as a discharge of the debt.

The defendant insurance company appeals from the holding that the payment to and acceptance by plaintiff of the suicide amount in full settlement of the policy was not an accord and

satisfaction under the pleading, and defendant asks that the order be modified by reversing that portion of the order which strikes out that defense.

It appears to be the rule in the United States Supreme Court, as found in *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167), that the setting up of a defense is a contest of the policy which must be made within the contestable period provided for in the policy. That case, however, related to a defense of fraud and misrepresentation as distinguishable from a defense where the pleader seeks to set up a limited liability as a ground for voiding the policy and thus is not in point.

The feature which is decisive here is that not only did the insured die within the period named in the incontestable clause but in addition to that the beneficiary accepted within that time in full settlement of the policy a payment made by defendant upon the condition that the policy be surrendered and canceled and the beneficiary carried out this condition by surrendering the policy.

We think that this plea, if proven, will be a defense to the policy.

In any event, plaintiff's acceptance within the two-year period of the amount payable for suicide constituted a completed contract which when shown will avoid the beneficiary's claim for the other rights under the policy.

Where a claimant delivers up the obligation which he holds against another party with the intention and for the purpose of discharging the debt, where there is no fraud or mistake pleaded, such surrender would operate in law as a release and discharge of the liability on the obligation.

As to the accord and satisfaction we believe the rule is that where there is a claim not admitted by a party and contingent upon a future event the payment of a part thereof in full settlement constitutes an accord and satisfaction. This is not a receipt of a part payment of the liquidated sum in discharge of the whole sum which would be no accord and satisfaction, but it is a payment where it appears that something is due of one or two specific sums and a genuine dispute as to which is the proper amount exists. In such case the amount is regarded as unliquidated within the meaning of the term in the category of accord and satisfaction.

Our conclusion is that this defense presents all the elements of accord and satisfaction as defined in the precedents, and that the motion striking it out should have been denied.

The order appealed from should, therefore, be modified by denying the motion to strike out the third defense to the first cause of action, and the third defense to the second cause of action,

and as so modified affirmed, with ten dollars costs and disbursements to the defendant.

D~OWLING~, P. J., M~ERRELL~, F~INCH~ and P~ROSKAUER~, JJ., concur.

Order modified by denying motion to strike out third defense to first cause of action and third defense to second cause of action, and as so modified affirmed, with ten dollars costs and disbursements to defendant.