## THOMAS R. PETERSON v. NEW YORK LIFE INSURANCE COMPANY.[1]

January 22, 1932.

No. 28,702.

*Doherty, Rumble, Bunn & Butler* and *R. O. Sullivan,* for appellant. *Paul C. Thomas,* for respondent.

[1]Reported in 240 N. W. 659.

LORING, J.

In an action upon a life insurance policy the plaintiff had a directed verdict. The defendant has appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

April 26, 1926, Jennie R. Peterson applied to the defendant for insurance on her life, naming her husband, Thomas R. Peterson, the plaintiff, as beneficiary. She paid the premiums until January 26, 1927, when the policy lapsed for nonpayment. March 7, 1927, she applied for reinstatement of the policy and represented in writing to the defendant that to the best of her knowledge and belief she was in the same condition of health as when the policy was issued, and that within the previous 12 months she had had no illness and had not consulted or been treated by any physician. The policy was reinstated, and subsequent premiums were paid until she died December 28, 1928, from tumor of the brain.

The evidence clearly shows that in June and July, 1926, she had been treated by Dr. Voges, and on July 12, 1926, had been operated upon in a hospital by Dr. O. W. Sterner and Dr. Voges. She remained in the hospital about two weeks after the operation. February 24, 1927, she consulted a Dr. Larrabee, who referred her to Dr. Hengstler, a brain specialist, by whom she was examined. He treated her for some time after the policy was reinstated. Having ascertained these facts in connection with its investigation of the proofs of death, the defendant notified the beneficiary of the policy of its election to rescind the reinstatement on the ground of misrepresentations, and sent him a check for $70.88 to cover premiums paid and interest thereon from the date of the reinstatement of the policy. The check was cashed by the beneficiary, but about a month later he caused a certified check to be sent to the company as a tender of the return of the money he had received. The tender was refused.

The company defended this action on the ground that the reinstatement of the policy was obtained by misrepresentations of the insured as to her physical condition and as to her treatment by physicians during the 12 months prior to her application for rein-

statement. It also claims that the acceptance by the beneficiary of the check for returned premiums and interest amounted to a rescission by consent and an accord and satisfaction.

■ We first consider the appellant's claim that a rescission was effectuated by its letter returning the premiums paid since the reinstatement and by plaintiff's acceptance of those premiums. It sent the premiums and interest to date in the form of a check payable to plaintiff. The check was stamped "refund premiums and interest with interest on policy No. 9460577, Peterson-dec'd." The letter with which the check was inclosed fully explained the defendant's position in regard to the policy. It set out its claim that the reinstatement had been obtained by misrepresentation of matters material to the risk and that it elected to rescind on that account. It transmitted the check to return the premiums and interest to date. It also set out its position that the policy stood lapsed and that nothing was payable thereon. The letter was clear and easily understandable. Plaintiff does not claim to have misunderstood it. He consulted his banker and cashed the check, as he says, because he "needed the money bad." True, he says he did not intend to forego his claim for $1,000 upon the policy, but this does not change the effect of what he did. 1 C. J. 562; Truax v. Miller, 48 Minn. 62, 65, 50 N. W. 935. That instead of consulting his lawyer he consulted a banker and may have been wrongly advised in consequence does not relieve him. Fidelity & C. Co. v. Gillette-Herzog Mfg. Co. 92 Minn. 274, 277, 99 N. W. 1123.

As in the case of accord and satisfaction, it was not necessary that the letter state in so many words that the check if accepted must be accepted in full of defendant's liability. If the tenor of the letter made it clear that the purpose of the payment was to effect a rescission, it would be equally effective. 1 C. J. 557, note 53. Nothing could be plainer than that if plaintiff accepted the return of the premiums he consented to and effectuated a rescission by consent. He could not possibly believe that he was entitled to both the returned premiums and the insurance which the premiums had been paid to obtain. When he cashed the check transmitted for the purpose stated in the letter, the minds of the parties met and the

rescission became complete. An effort a month later to retract was ineffectual. Beck E. C. Co. v. National C. Co. 143 Minn. 190, 173 N. W. 413. The case differs from Tupper v. Massachusetts B. & I. Co. 156 Minn. 65, 194 N. W. 99, where plaintiff had an undisputed right to the money paid her. Here plaintiff had no right to the returned premiums if he also had a right to the insurance money.

The plaintiff contends that because in the trial of this case the defendant did not prove the materiality of the misrepresentations the consideration for the rescission failed as a matter of law and that consequently there was no rescission by consent. Such is not the law. If there is a good faith controversy, the consideration is sufficient regardless of the actual merits. Kelley v. Hopkins, 105 Minn. 155, 160, 117 N. W. 396. The defendant was in good faith contending that it had a right to rescission and offered plaintiff a return of premiums. It did not necessarily have to be able to establish that right in court at a later time. In the full knowledge of defendant's contention the plaintiff accepted and cashed the check. He knew that his wife's representations were false. He may not have known that the law prevented the doctors from testifying or from showing their materiality. That does not change the situation. The construction of the letter and plaintiff's admitted acceptance and cashing of the check for the reasons stated by him made the rescission by consent a question of law for the court. Woodbery v. N. Y. L. Ins. Co. 223 App. Div. 272, 227 N. Y. S. 699; Tully v. N. Y. L. Ins. Co. 228 App. Div. 449, 240 N. Y. S. 118.

Plaintiff contends that the beneficiary is not the proper party to agree to rescission and cites American C. L. Ins. Co. v. Rosenstein, 46 Ind. App. 537, 548, 92 N. E. 380, 383. The majority opinion in that case holds to the contrary. That court said:

"The law governing tender, to which we have referred, and the settled law in this state requiring insurance companies to return or offer to return the fruits of their contracts with the insured, if they would rescind them, being entirely consistent during the lifetime of the insured, are not rendered inharmonious by the substitution of the beneficiary in place of the insured after the latter's

death. For, as we have seen, the law governing this class of contracts creates the necessary privity on the part of the beneficiary, and thereafter the company and the beneficiary are the only parties in interest. The purpose of appellant in offering to return the premium was not that it should be applied upon the contract, but to avoid it, and if appellee alone could enforce payment of the contract, she alone could have accepted a return of the premium in bar of the action, a thing the personal representative of the insured or the widow could not do. It must be kept in mind that the policy in question was not void, but voidable at the election of the insurer, and that the rules applicable to a recovery of the premium in the one case are not applicable in the other. Selby v. Mutual Life Ins. Co. (C. C.) 67 F. 490; American, etc. Ins. Co. v. Bertram, 163 Ind. 51, 70 N. E. 258, 64 L. R. A. 935; American, etc. Ins. Co. v. Mead, 39 Ind. App. 215, 79 N. E. 526."

We consider the beneficiary the proper party to accept the returned premiums and to consent to a rescission. Having accepted the returned premiums, he is hardly in a position to claim that they were not returned to the proper party.

■ The plaintiff asserts that because a suit in equity to rescind would not lie that the parties might not rescind by agreement. The suit does not lie solely for the reason that there is an adequate remedy at law, by way of legal defense. That it does not lie constitutes no reason why the parties may not consent to a rescission.

The order appealed from is reversed and the case remanded with instructions to enter judgment for the defendant.

WILSON, C. J. (dissenting).

I think the vital question in the matter of rescission was for the jury, and I favor a new trial because the court did not submit the case to the jury. I do not agree that there should be judgment for defendant as a matter of law.

DIBELL, J. (dissenting).

I concur with the Chief Justice.