MUTUAL OF OMAHA INSURANCE COMPANY v.
STANLEY B. KORENGOLD.

241 N. W. 2d 651.

April 23, 1976—No. 45898.

Korengold, Jaycox, Nelson, Johnson & Gubbe and Stanley B. Korengold, for appellant.
Cragg & Bailly and J. W. Cragg, for respondent.

PER CURIAM.
This is an action to rescind a policy of health and accident insurance issued by plaintiff company to defendant. The basis of the action was the alleged misrepresentations as to the condition of defendant's wife's health made in the application for the insurance. During the pendency of the action, defendant negotiated and retained the proceeds of a draft forwarded to him by the company as a part of the company's efforts to rescind the policy. Plaintiff then moved to amend its complaint to allege rescission of the policy and for summary judgment declaring the policy rescinded. The trial court granted the motion, and defendant appealed. We affirm.

The plaintiff, in good faith contending that it had a right to rescind, offered defendant a return of the premiums. The defendant best knew the particulars of the alleged misrepresentations contained in the application for the insurance. The letter transmitting the draft for the return premiums made clear that the company was seeking a rescission of the policy because of the alleged misrepresentations. With full knowledge of plaintiff's contentions, defendant, who is a lawyer, accepted and cashed the draft.

The mere fact that an insured cashes or retains a refund check is not by itself sufficient to constitute rescission as a matter of law. See, Pollack v. The Equitable Life Assur. Society, 154 Misc. 443, 277 N. Y. S. 328 (1935); Thompson v. Occidental Life Ins. Co. of California, 9 Cal. 3d 904,

109 Cal. Rptr. 473, 513 P. 2d 353 (1973). There may be many instances in which an uninformed and unsophisticated insured will cash a refund check sent to him by an insurance company, which intends by sending the check to divest itself of responsibility under the policy. In such a case rescission should not be established *solely* because the insured cashes the check. Any contrary rule could lead to gross unfairness to an insured who for various reasons, including sheer financial necessity, may feel compelled to cash a refund check even though he vigorously disagrees that there was any misrepresentation in obtaining the insurance.

However, the facts and circumstances of the instant case compel the conclusion that defendant here had the requisite knowledge to intend a rescission of the contract when he cashed the premium refund check. Peterson v. New York Life Ins. Co. 185 Minn. 208, 240 N. W. 659 (1932). Thus, absent any evidence that plaintiff procured the rescission by fraud, the motion for summary judgment was properly granted.

Affirmed.