FREDERIC WINGATE *versus* WILLIAM KING.                    23    35
                                                           96    75

If the owner of land gives a bond to another, obliging himself to convey
the same at a certain price within a given time, and takes back a written
agreement stipulating that if the obligee, on a sale thereof, should realize
profits beyond a certain sum, that he would pay to the owner one half of
such excess, and a sale is made by the obligee above the fixed sum, and the
land is conveyed, and half of the profits paid over; this does not make the
owner of the land liable for the fraudulent acts of the obligor in effecting
the sale, either as partner or agent.

If a party would rescind a contract on the ground of fraud, the rule is, that it
should be done within a reasonable time thereafter.

THIS was an action of assumpsit, to recover back money paid for the purchase of one fourth part of several lots of land in Lexington in the County of Somerset, containing in the whole about eleven thousand acres.

It appeared in testimony that the defendant gave a bond to Charles Dolbier, obliging himself to convey the lands at a certain price, and at the same time took a written agreement that he should share equally, in the profits which Dolbier might make by selling at an advanced price over $1,50 per acre. Dolbier, on June 29, 1835, gave a bond of the same lands to James A. Thompson to convey the same at the rate of four dollars per acre. Under this latter bond the land was agreed to be purchased by Thompson, the plaintiff, and others, the plaintiff taking one fourth. Thompson became interested with Dolbier in profits before the contract was completed, and he did in fact share equally with Dolbier in all the profits realized in the transaction. On the first of August, 1835, the purchasers paid Dolbier one fourth of the purchase money in cash, and gave their notes for the other three fourths, and took a bond from the defendant to convey to them. The plaintiff paid in cash one fourth and gave three notes for the three fourths, with interest; and afterward paid the first note and interest on the others for three years.

This suit was brought to recover back all the sums so paid, the money and notes having come to the hands of the defendant through Dolbier.

The plaintiff introduced evidence tending to prove that the plaintiff and others examined the land before the purchase, and were, by a person employed by Dolbier to show the lands, made to traverse several times one small tract of land well timbered and the only timber land on the tract, he representing to them that they had passed over and examined a large portion of it, and that the tract traversed was a fair sample of the whole tract; and also to show that the land was not worth more than fifty cents per acre; and that King told a Mr. Pierce, as he, Pierce, testified, after Dolbier had sold, that Dolbier had done well for him, King, and for Dolbier himself; that he sold for four dollars an acre, and of this he, King, received three dollars, and that Pierce remarked, that Dolbier had sold the poorest of the land, that it had no timber on it, to which King replied, that it had or ought to have.

The plaintiff then proposed to offer testimony of the declarations made by Dolbier, on the ground that he was acting as the agent of the defendant in making the sale to the plaintiff and others. But there being no evidence of any such agency except what appears from the papers introduced, the testimony was not admitted by SHEPLEY J. presiding at the trial.

The plaintiff's counsel then contended that he was entitled to recover of the defendant the money so paid, if the jury should be satisfied that they were induced to purchase by the fraudulent practices aforesaid, on the ground that he was a partner with Dolbier and had received a share of the profits of the sale at an advanced price; although there was no proof that he had been in any other way connected with such fraudulent sale. The Judge being of opinion that the defendant was not liable to repay the money upon the principles contended for, a nonsuit by consent was entered, which was to be taken off and a new trial granted if these rulings were incorrect; otherwise the nonsuit is to be confirmed.

*Vose*, for the plaintiff, contended that the transactions disclosed showed a partnership between the defendant and Dolbier which rendered him liable. 1 Com. on Con. 258; Gow on Part. 16; 6 Serg. & R. 259, 337; 2 Nott & M'Cord,

427; 17 Ves. 404; 18 Ves. 301; 4 East, 143; 2 H. Bl. 235; 4 T. R. 353; 3 Kent, 3, 4; 10 East, 173; 3 Fairf. 337.

As the money of the plaintiff was obtained through the fraud of Dolbier, and came into the hands of the defendant, the action can be maintained against him. 15 Mass. R. 75, 331; Cowper, 814; 2 B. & Ald. 795; 12 East, 317; 1 Campb. 185; 7 East, 210; *Daniel* v. *Mitchell*, 1 Story's R. 172; 2 Stark. Ev. 107; 3 Bl. Com. 163; 1 T. R. 134; 1 Dall. 148; 2 Dall. 154; 1 Har. & Gill, 258; 7 Mass. R. 288; 6 Wend. 290; 13 Wend. 488; 1 Harrington, 447.

*N. Weston* and *F. Allen* argued for the defendant.

The opinion of the Court, TENNEY J. taking no part in the decision, having once been of counsel in the case, was drawn up by

WHITMAN C. J. — This is an action for money had and received, commenced by the plaintiff to recover of the defendant a sum of money, which he had paid the defendant on a contract for the purchase of a tract of timber land. The claim is grounded upon a supposed fraud, alleged to have been practised by one Dolbier, with whom the defendant is alleged to have been in partnership. To maintain this action the contract must be deemed to have been rescinded. A period of nearly five years had elapsed, after the alleged fraud, before this action was commenced; and it does not appear that any notice had previously been given of an intention to rescind it. If a party would rescind a contract, on the ground of fraud, the rule is, that it should be done within a reasonable time thereafter. What would be a reasonable time is a mixed question of law and fact. When the facts are ascertained, it becomes a question of law. Those facts, in a case like the present, must be somewhat difficult to ascertain, and of course must be referred to a jury, under the instruction of the Court. No evidence to this point appears to have been introduced. Of course no foundation was laid to authorize the plaintiff to proceed on the ground of fraud, in an action for money had and received.

But the proof, that Dolbier was a partner of the defendant, is deficient. He had taken a bond of the defendant to convey to him, on certain terms and conditions, the tract of land in question. It does not appear that Dolbier was under any obligation to make sale of the land to any one else; or that he was in any-wise employed by the defendant to make sale of it. As the course of dealing, at the time of giving the bond, may have been, it may not be improbable, that Dolbier had contracted for the land in expectation of a profit to be made by a resale of it to some one else. And this seems to have been apprehended on the part of the defendant, inasmuch as he appears to have taken a stipulation from Dolbier, that, in case he should realize, in such a sale, beyond a certain amount of profits, that he should pay to the defendant the one half part of any such excess. This cannot be regarded in any sense of the term, as constituting a partnership between them. In the first place, Dolbier was under no obligation to make sale of the land. Secondly, if he did sell, he might or might not sell at a price above the one named. . Dolbier was not under the control of the defendant; and was entrusted with no agency for him in reference to a sale. If Dolbier had sold for less than the amount of profits received, he surely could not be considered as having the semblance of an agency for the defendant. He would have acted only for himself; and the defendant would not have been aggrieved. How does it make any difference, that, in a certain contingency, Dolbier might have been compelled to pay an additional price for his purchase? There are other cases in which one party may become entitled to participate in profits without constituting him a partner. The familiar instance of letting a vessel for a share of the profits is one. And the cases of whaling voyages, in which the master and crew are to receive each a certain share or proportion of the proceeds of the oil. *Baxter & al.* v. *Rodman*, 3 Pick. 435. *Thompson* v. *Snow*, 4 Greenl. 264. In the case at bar the profits to be divided were contingent; and whether there should be any or not, was dependent upon the pleasure of one party independent of the control of the other;

or of any stipulation with him, that exertions should be made to secure any. How can it be considered, then, that Dolbier was in any-wise the agent of the defendant, so that the latter could be implicated by the fraud of the former?

*Judgment on the nonsuit.*