## BAKER v. NEW YORK LIFE INS. CO.

(Circuit Court, D. Nebraska. December 14, 1896.)

### No. 30.

LIFE INSURANCE—FALSE REPRESENTATIONS—BREACH OF WARRANTY—WAIVER.
One B., in answering certain questions in an application for life insurance, the answers to which were by the terms of the application made warranties, stated that he had had no serious illness since childhood, and had not since childhood been confined to the house by illness. A few months before his application B. had had an attack of the grippe, which had confined him to the house for two or three days, and about which he had consulted a physician. He died six months after the issue of the policy, in December, 1893. In March, 1894, after proofs of death had been presented, the insurance company received full information of the facts as to B.'s attack of grippe. In July following it requested B.'s widow to procure her appointment as guardian of her children, pointing out that the proofs of death did not show such appointment. She presented proof of her appointment in August. In October following the company, at an interview with the attorneys for B.'s widow, first denied its liability, relying on B.'s alleged misstatement, but did not tender back the premium paid, and did not give notice of a rescission of the contract or tender back the premium until March, 1895, some months after the commencement of an action on the policy. *Held*, that the insurance company had waived any right to repudiate or rescind the contract on the ground of B.'s alleged breach of warranty.

This was an action at law by Ida M. Baker, guardian, etc., against the New York Life Insurance Company, to recover upon a policy of insurance upon the life of Ward L. Baker.

Brome, Burnett & Jones, for plaintiff.

J. H. McIntosh, for defendant.

SHIRAS, District Judge. This case came up for trial before the court and jury at the May term, 1896, and upon the issues then presented by the pleadings evidence was submitted, and special findings of fact were returned by the jury, and thereupon the plaintiff asked leave to file an amended replication for the purpose of establishing a waiver on the part of the defendant company of the right to insist upon an alleged breach of warranty on part of the assured. Leave to file the amendment was granted, and the case was continued for the purpose of permitting evidence to be procured by the parties, rendered necessary by the amendment to the pleadings. The parties then entered into a written stipulation, waiving a jury trial and submitting the case to the court, it being further agreed that the case should be submitted to the court upon the findings of fact returned by the jury and upon the evidence submitted upon the issue tendered by the amended replication, the court to make a further finding of facts based upon the evidence taken after the finding of facts had been returned by the jury, which has been done. From the facts thus found, it appears that, under date of June 24, 1893, Ward L. Baker signed an application for insurance in the sum of $5,000 upon his life in the defendant company, it being stated in such application that the applicant agrees:

"That the statements and representations contained in the foregoing application, together with those contained in the declarations made by me to the medical examiner, shall be the basis of the contract between me and the New York Life Insurance Company; that I hereby warrant the same to be full, complete, and true, whether written by my own hand or not,—this warranty being a condition precedent to and a consideration for the policy which may be issued hereon."

In the declarations made to the medical examiner it was required of the applicant that he should "give full particulars of any serious illness you may have had since childhood," to which the answer given was, "Have had none." And the question was also asked, "When were you last confined to the house by illness?" and answered, "Not since childhood." The company issued the policy, and upon payment of a year's premium the same was delivered to Baker, and within the year, to wit, on December 22, 1893, Baker died, and due proofs of death were furnished to the company. It thus appears that a prima facie case for recovery upon the policy has been made out, and the question to be determined in the case is whether the defense interposed by the defendant is sustainable under the evidence.

In substance, the defense is that of a breach of warranty with respect to the answer by Baker to questions contained in the medical examination, being the questions and answers just cited. On behalf of the defendant it is contended that, under the provisions contained in the application, these answers are warranties on part of Baker; that the facts found show that they are not true, in that it appears that in the preceding February Baker had suffered from an attack of the grippe, which had confined him to the house for a

period of two or three days; that this warranty was a condition precedent to and consideration for the issuance of the policy; and that its breach rendered the policy not merely voidable, but wholly void. A contract which is entered into in violation of public law, or which is contrary to public policy, is void, not voidable; and so contracts will be held to be void when the facts are such that the contract when entered into could not take effect, and in such cases neither party is bound to performance. A right, however, existing on behalf of one party to rescind a contract, or to resist its enforcement against him, by reason of some fraud practiced against him, or by reason of the failure of the other party to perform a condition precedent, does not necessarily render the contract void. The party against whom performance is sought in such cases may have the right to avoid the contract, but he may waive this right, and in that event the contract remains in force. Properly speaking, in such cases the contract is not absolutely void, but it is voidable at the option of the one against whom the fraud or breach of warranty exists.

In the case now under consideration, by the provisions of the application the answers given by the applicant to the questions forming part of the medical examination are made warranties, and therefore the company has the right to insist that they should be strictly and literally complied with; but, if the company chose to waive a strict compliance therewith, it had the right so to do. The facts which it is claimed by the defendant should have been stated in the answers given by the applicant are that in the spring preceding the issuance of the policy he had had an attack of the grippe, which had confined him to the house for two or three days. It cannot be claimed that it is illegal or contrary to public policy to issue a policy of insurance upon the life of one who has had this disease, nor is it claimed or pretended that the defendant company refuses to insure the life of one who may have had an attack of this disease and as a consequence may have been confined to his house for a few days. Whether the company would or would not have accepted the risk on Baker's life, and issued the policy, if the application had shown the facts in this particular, it is impossible to know. The utmost that can be claimed on behalf of the company is that, before it should be bound by any policy issued to Baker, it should have the opportunity, after being fully informed of the facts, to determine whether it would agree to accept the risk. Thus if, after the application had been forwarded to the company, it had been fully informed of the facts in regard to Baker's suffering from the grippe and being confined to the house, and with this knowledge it had issued the policy and received payment of the premium thereon, it would not then be open to the company to claim that the po'icy was either void or voidable by reason of the failure to state these facts in the application.. It will be noticed that in the declarations required to be made to the medical examiner the applicant was asked whether he had had any one or more of 26 specifically named diseases, all of which questions were answered, and then comes the general question or requirement to "give full particulars of any

serious illness you may have had since childhood." Thus Baker
was required to determine whether the attack of the grippe which
he had suffered in the previous February was or not a serious ill-
ness, within the meaning of the question. By answering that he
had no serious illness, he indicated his view of that attack; and if
the company, when it issued the policy, knew the facts, and yet is-
sued the policy, it would thereby conclusively show that it did not
deem the attack in question to be a serious illness within the mean-
ing of the application, and it would not be open to the company,
after its liability on the contract had become fixed by the death of
the insured, to then assert that the answer was not strictly true,
and that by reason thereof the policy was not in force.

In my judgment, all that the company can rightfully insist upon
in this case is that it should not be held bound by the contract of
insurance unless it appears that it so consented after it had full
knowledge of the facts upon which it relies to show a breach of the
warranties on part of the insured. If, however, the facts show that
the company treated the policy as being in force, after it had knowl-
edge of the alleged breach of the warranties, then it must be held
that the company waived its right to rescind the contract. The
evidence shows that in March, 1894, the defendant company knew
the facts with regard to Baker's health at the time of the issuance of
the policy, and knew of his having had an attack of the grippe in the
previous spring, and that he had consulted a physician with regard
thereto. The company then knew that it was being asked to make
payment of the amount called for by the policy, due proofs of the
death of the insured having been previously served upon the com-
pany, and it knew that it then had in its possession the premium
paid it by Baker when the policy was delivered. The company
then knew, or had the means of knowing, all that was necessary to
enable it to determine whether it would recognize the policy as an
existing contract, or whether it would repudiate and rescind the
same upon the ground that the insured had not fully stated the
facts in regard to his health, thereby committing a breach of the
warranties contained in the application. The company knew that,
if it elected to rescind the contract, it was its duty to return the
money it had received by reason of the contract, and, furthermore,
that it must act in the premises within a reasonable time. The first
action of the company was taken July 25, 1894, four months after
it had received full information with regard to the alleged breach
of warranty. Under that date the company addressed the plaintiff,
stating that the proofs of death previously sent on did not include
certified copies of letters of guardianship, showing that she had the
right to act for the minor children of the deceased. In effect, this
letter was a notification to Mrs. Baker that she must be appointed
guardian of the property of the minors in order to complete the
proper proofs called for by the policy of insurance. In obedience
to this letter Mrs. Baker procured her appointment as guardian,
and forwarded to the company duly certified copies thereof. The
right of the company to call for proper evidence showing that Mrs.
Baker had been appointed guardian of her minor children, who are

the beneficiaries under the policy, is a right conferred by the policy, treating it as an existing contract. Her appointment as guardian was not in any sense a necessary act in order to enable the company to determine whether it would repudiate the contract sought to be enforced against it. This call, made by the company upon Mrs. Baker, was not one made without due opportunity to examine into the case before taking action. It was made four months after the company had full knowledge of the facts which it now relies upon to defeat the policy. It was an act tending to show that it treated the policy as being in force, and the company thereby called upon Mrs. Baker to perform, on behalf of the beneficiaries, an act which the policy required of them provided the policy was an existing contract. In obedience to this request of the company that the beneficiaries should perform the conditions of the contract on their part, the appointment of Mrs. Baker as guardian was had, and duly certified copies of the letters of guardianship were procured and forwarded to the company, this being done in the month of August, 1894. The next action on part of the company was taken on the 23d of October, 1894, when a letter was addressed to the attorneys for plaintiff, proposing an interview with regard to the matter, which was had the latter part of that month. At this interview the representative of the company for the first time denied liability on the part of the company, and proposed a compromise, by offering to pay $1,000 for a release from all claims. This offer, after consideration, was refused, and the company notified thereof about December 1, 1894. No action was then taken by the company looking to a recission of the contract. It did not then offer to repay the money it had received on the policy, nor did it notify Mrs. Baker that it repudiated the contract for any reason. It retained the full benefit of the contract on its part until the 11th day of March, 1895, when it made a tender of the sum received and interest, this being done some months after this suit had been commenced. This sum of money it had received from Ward L. Baker in July, 1893, in consideration of issuing the policy sued on, and it had retained the same and enjoyed the use thereof for a period of one year and eight months from the date of its reception, and for a period of one year after it had obtained full knowledge of the facts upon which it now seeks to evade liability on its contract. With full knowledge of the facts, it required of Mrs. Baker that she procure letters of guardianship, and furnish certified copies thereof. With full knowledge of the fact that the compromise it had offered had been rejected, and that Mrs. Baker, as guardian, was insisting on payment of the policy, it retained the money received by it for months, without any offer to return the same; and, without notifying Mrs. Baker that it elected to rescind or repudiate the contract, it permitted Mrs. Baker to incur the expense of bringing this suit.

It was the duty of Mrs. Baker, as guardian of her minor children, to enforce the payment of this policy, if it was in force at the time of her husband's death. Up to the time the action was begun the company had not notified her that the contract was rescinded. Every act on its part indicated that the contract was deemed to be

in force. No stronger evidence of this could be asked than the fact that the company continued to enjoy the benefit of the contract and gave no sign that it was ever proposed to repay the sum received by it. Suppose the situation was now the same as it was when this action was brought. It would then appear that the company was seeking to avoid the contract as not binding upon it, and at the same time was holding fast to the benefits received by it by reason of the contract. Would it not be promptly adjudged that the company could not avoid the contract, so as to escape liability, and yet enjoy the benefits conferred thereby? When the company obtained knowledge that the answers given by the insured were not full and complete, and that it possessed the right to repudiate and rescind the contract, it also knew that the beneficiaries in the policy were relying upon the validity thereof, and were asking performance on part of the company. With this knowledge, it could not play fast and loose with the question. It must reach a conclusion thereon within a reasonable time. If it proposed to repudiate liability under the contract, it could not be permitted to induce or require the other party to the contract to take action and incur expenses in the belief that the company treated the policy as in force. It could not be permitted to enjoy the benefits of the contract on its part for a year or more, with the intent to ultimately repudiate the contract in case suit was brought against it. The acts of the company fully justify the conclusion that it treated the policy as being in force for a full year after it obtained full knowledge of the facts upon which it now relies as evidence of a breach of the warranty, and that during this period of time it retained and enjoyed the benefits of the contract on its part; and these facts justify the further conclusion that the company, when informed of the facts, did not deem the answer given by Ward L. Baker to the questions put to him to be so evasive or erroneous as to amount to a breach of warranty, or that, if they might be so held, the company at that time elected to waive its right to repudiate and rescind the contract; and, having called upon the plaintiff to take action under the policy as an existing contract, and having retained for its use and benefit the money paid it on the contract for a period of a year after it knew of its right to repudiate the contract, it must be held that it is now too late to change the election it then made to waive the alleged breach of warranty. So holding, it follows that the plaintiff is entitled to judgment for the full sum due on the policy.