CONTINENTAL INSURANCE COMPANY OF NEW YORK V. WASHINGTON WAUGH & SON.

FILED JUNE 7, 1900.   No. 9,201

1. **Fire Insurance Policy: WARRANTY: ITEMIZED INVENTORY: BOOKS OF ACCOUNT.** Where there was attached to, and made a part of, a policy of insurance a warranty providing, in substance, that the assured would take an itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of the policy, one should be taken in detail within thirty days of the issuance of the policy; and, second, that the assured will keep a set of books of account from date of inventory, as provided for in the first section of this clause, and during the continuance of the policy; and the evidence showing that no inventory had been taken within twelve months prior to the issuance of the policy, *held*, that the assured was not required to keep books of account until the taking of the inventory provided for, and that thirty days were given to per-

form that act, and where a fire occurred in less than thirty days from the issuance of the policy, no breach existed in either of the conditions in said warranty providing for the keeping of books of account and their preservation in a fireproof safe, or other place secure from fire, in the building containing the insured stock of goods.

2. ———: Loss: DEFENSE. Where, in a controversy over the liability of an insurance company under a policy of insurance after a loss has occurred, certain grounds are assigned as a reason for denial of liability, the company, after litigation has begun, can not be heard to urge other and additional grounds as reasons for their refusal to pay the loss sustained.

3.. Warranty Clause: INVENTORY. Where the warranty clause provided for the taking of an inventory within thirty days after the date of the policy of insurance, if one had not been taken within twelve months prior to the issuance of such policy, and that the assured would keep such inventory and also the last preceding inventory, if such has been taken, in a fire-proof safe, or other place not exposed to fire, in the store building, and an inventory had not been taken within twelve months prior to the issuance of the policy, *held*, that the clause referring to "the last preceding inventory, if such has been taken," did not apply to inventories taken more than twelve months prior to the issuance of the policy of insurance.

ERROR to the district court for Cass county. Tried below before RAMSEY, J. *Affirmed.*

*Chas. Offutt, Byron Clark* and *W. W. Morsman,* for plaintiff in error.

*Edwin Jeary* and *Beeson & Root, contra.*

HOLCOMB, J.

In the main, this case is presented for review on substantially the same grounds as those of *Connecticut Fire Ins. Co. v. Waugh,* 60 Nebr., 353, and *Connecticut Fire Ins. Co. v. Jeary,* 60 Nebr., 338, in which opinions are filed concurrently with this one. The three cases are very similar in their general aspects, and, with some few exceptions, all that is said in the case last above mentioned applies with equal force to the one at bar. The covenants relied upon to operate as a release from liability by rea-

son of the alleged breach of the same are contained in the following printed matter, which is attached to the policy of insurance: "Warranty to keep books and inventories, and to produce them in case of loss. The following covenant and warranty is hereby made a part of this policy: 1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned. 2nd. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory as provided for in the first section of this clause, and during the continuance of this policy. 3rd. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fire-proof safe at night, and at all times when the building mentioned in this policy is not actually open for business; or, failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building. In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon."

We are of the opinion, from a careful reading of the terms of the above warranty and the evidence, that there existed at the time of the fire which destroyed the insured property no default in the conditions imposed on the assured which would preclude a recovery. The insurance was written February 21, 1895. The loss occurred March 4, following, or less than thirty days from the execution and delivery of the policy of insurance. The evidence shows that no inventory had previously been taken since

September, 1893, save perhaps a partial or incomplete inventory or estimate of the stock on hand, which was made about February 1, 1894, or more than one year prior to the issuance of the policy. Under the terms of the warranty, as fixed by the defendant in the clause quoted, the assured was given thirty days within which to take an inventory if none had been taken within twelve calendar months prior to the issuance of the policy. By the clear and unambiguous wording of these provisions, the books of account were to be kept only from the date of the inventory provided for. Under any ordinary and fair rule of construction, the assured was not required to keep books of account until the inventory had been taken, and thirty days were given in which to perform that act. The fire occurred within less time. There existed no legal obligation on the assured to preserve books of account in a fire-proof safe, or other place secure from fire, in said building until the expiration of the time in which an inventory was to be taken. It may be urged that the inventory taken more than a year previous was, in contemplation of the parties, a compliance with the provisions requiring an inventory once in every twelve months, and that none was required to be taken within thirty days from the time the insurance was written. This view can not be accepted without doing violence to the language used, and reading into the warranty something which it does not contain.

It is also claimed, as we interpret the brief of counsel for plaintiff in error, that there existed a breach of the conditions of the warranty because the inventory taken in September, 1893, or the so-called inventory or estimate of stock on hand made about February 1, 1894, was not preserved in the manner required in the third paragraph of the warranty. We are disposed to the view that the company's liability can not be affected by this objection, if it is intended as such, and that the defendant is estopped from urging the same, for the reason that no such objections were raised after the fire occurred as a reason

for its action in denying liability under its policy of insurance. Having assigned as a reason for refusal to pay the alleged failure of the assured to preserve his books of account, and presenting that objection alone as justification for disavowing liability under its contract of indemnity, it can not, after litigation is begun, be heard to urge other and additional grounds for refusing payment for the loss sustained. *Ballou v. Sherwood*, 32 Nebr., 666; *Railway Co. v. McCarthy*, 96 U. S., 258. But if it be contended that the objections noted were properly assigned as a reason for refusal to pay, and the record is not entirely free from doubt on this point, we deem it sufficient reply to say that it was not the intention of the parties to treat either of these inventories as of value, and because thereof it was provided that an inventory should be taken within thirty days from the date of the policy. The clause wherein it is said, "The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken," etc., evidently refers to an inventory taken within the twelve calendar months prior to the issuance of the policy. If not, why the requirement to take a new inventory immediately or within thirty days? If it was the duty of the assured to preserve the inventory taken in 1893, it could be urged with equal force that if the last inventory had been taken in 1890, and was not preserved in the manner prescribed in the warranty, the assured could not recover for his loss. We do not think this provision is capable of such construction. The most natural view to take, as we understand the language used, is that an inventory is to be taken at least once in each calendar year; that the inventory preceding the issuance of the policy, if taken within twelve calendar months from that date, with the books of account, is to be preserved in the manner specified. If an inventory has not been taken within the time mentioned, then one shall be taken within thirty days from the date of the policy, which, with the books of account to be kept from the date of such inventory, is to be preserved as

therein provided for. There was no breach existing in either of the conditions mentioned, and the plaintiff's right of recovery is established by the record.

The judgment rendered in the court below is right and should be

AFFIRMED.