## AMERICAN CENTRAL LIFE INSURANCE COMPANY *v.* ROSENSTEIN.

[No. 6,530. Filed June 24, 1910. Rehearing denied October 13, 1910. Motion to set aside ruling on petition for a rehearing overruled November 29, 1910.]

1. INSURANCE.— *Warranties.— Breach.— Avoidance. — Return of Premium.—Answer.*—In an action on an insurance policy, an answer setting out a breach of warranty and an avoidance of the policy therefor, must show a return, or an offer of return, of the premium. p. 540.

2. CONTRACTS.—*Rescission.—Return of Consideration.—Election.*— A party desiring to rescind a contract must return, or offer to return, the consideration, and place the other party *in statu quo* within a reasonable time after he knows or should know of the matter giving the right to rescind. p. 542.

3. CONTRACTS.—*Rescission.—Time for.—Jury.*—Whether the time elapsing before the rescission of a contract is reasonable, is usually a question for the jury, but where the facts are admitted, it becomes a question for the court. p. 542.

4. INSURANCE.—*"Void" Clauses.— Election.— Effect of.—"Voidable."*—Clauses in an insurance policy providing that the policy shall become void upon the breach of a condition therein con-

tained, render the policy voidable at the election of the company.    p. 542.

5.  INSURANCE.—*Breach of Warranty.—Rescission.—Time.*—Where ·assured died on January 19, the company learned of an alleged breach of warranty in March, the company answered the beneficiary's complaint on September 15, alleging that the policy was void, but offering no return of premium, the company tendered to assured's widow, assured's mother being the beneficiary, the premium paid, which was refused, and the company, on the following March 15, answered a breach of warranty and a tender of the premium to the widow, the delay, as a matter of law, amounts to an election to affirm the contract.    pp. 544, 545, 546.

6.  INSURANCE.—*Answers.—Conclusions.*—An answer that the defendant "made inquiry at the office of the clerk of the circuit court of Marion county to ascertain if letters of administration had issued ⁂ ⁂ ⁂ and that defendant was informed by said clerk that no proceedings relative to said estate had been taken in said court," is a mere conclusion, the defendant being required to take notice of the issue of such letters.    p. 544.

7.  PLEADING.—*Presumptions.*—The presumption is that the pleader has stated all favorable facts.    p. 545.

8.  INSURANCE.—*Forfeitures.*—The courts will not enforce a forfeiture if it can reasonably be avoided.    p. 546.

9.  INSURANCE.—*Breach of Warranty.—Election.*—An insurance company, even after assured's death, may elect to rescind its contract at any time that it ascertains the breach thereof by the assured, or within a reasonable time thereafter.    pp. 546, 549.

10.  INSURANCE. — *Beneficiaries. — Vested Rights.* — Under §4703 Burns 1908, Acts 1899 p. 30, §26, giving the assured the right, with the consent of the insurer, to change the beneficiary at any time, and a policy giving the beneficiary such right, the beneficiary does not have a vested right therein until after the death of the assured.    p. 546.

11.  INSURANCE.—*Beneficiaries.—Election to Accept Provisions of Policy.*—The filing of an action by the beneficiary to collect an insurance policy, constitutes an acceptance of the policy by such beneficiary.    p. 547.

12.  INSURANCE.—*Beneficiaries.—Equities.*—A beneficiary takes an insurance policy burdened with all of the equities in favor of the company, but after the vesting of the beneficiary's rights they cannot be devested except by some act of such beneficiary.    p. 547.

13.  INSURANCE.—*Breach of Warranty.—Rescission.—Tender.—To Whom.*—After the death of assured, a tender of the premium in avoidance of the policy for breach of warranty, or for fraud, must be made to the beneficiary.    Rabb, J., dissents.    p. 547.

From Superior Court of Marion County (71,674); *Vinson Carter*, Judge.

Action by Amelia Rosenstein against the American Central Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*William Watson Woollen, Evans Woollen, Russell T. Byers* and *Guilford A. Deitch*, for appellant.

*Alvah J. Rucker* and *James E. Rocap*, for appellee.

MYERS, J.—This action was brought by appellee against appellant on June 22, 1906; on a policy of life insurance issued by appellant, insuring the life of Frank Rosenstein. The complaint was in one paragraph, and its sufficiency is not questioned. Appellant answered in eight paragraphs. A demurrer for want of facts was sustained to each of said paragraphs, except the first, which was a general denial. Appellant then withdrew its general denial and refused to plead further, and thereupon the court rendered judgment in favor of appellee. From that judgment this appeal was taken. The errors here relied on are based on the action of the lower court in sustaining a demurrer to each of the several paragraphs of answer, and in rendering a judgment that was contrary to law.

The policy named appellee, the mother of the insured, as the beneficiary. Said policy was issued on December 29, 1905, and the insured died on January 19, 1906. Each of said paragraphs of answer, except the first, proceeded upon the theory that the insured had procured appellant to issue to him a policy on his life, by misrepresentations and false statements in his application, and by false answers to the company's medical examiner, that is to say, he falsely stated that he had never made any application to any other life insurance company, which application had been declined, that he falsely stated that he had never engaged in the sale of intoxicating liquors, that he falsely stated his use of in-

540     APPELLATE COURT OF INDIANA,

American Cent. Life Ins. Co. *v.* Rosenstein—46 Ind. App. 537.

toxicating liquors, and that he falsely stated the attendance of and treatment by a physician; that the insured by said application agreed "that each and all of the following statements, answers and agreements, as well as all statements and answers made to the company's medical examiner, shall be and are warranties that the facts and things therein contained are true." The policy recited that it was issued "in consideration of the agreements and warranties in the written and printed application for this policy of insurance, which is hereby made a part of this contract."

In the second, third and fourth paragraphs of the answer the pleader sought to have the contract rescinded on the ground of alleged breaches of warranty, without

1. showing a return or an offer to return the premium paid by the insured upon its discovery of the alleged breaches. The failure to return or offer to return the money received by it on account of the contract was fatal to each of the paragraphs as against a demurrer for want of facts. *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, and cited cases; *Burgett* v. *Teal* (1883), 91 Ind. 260; *Worley* v. *Moore* (1884), 97 Ind. 15; *Sandage* v. *Studabaker Bros. Mfg. Co.* (1895), 142 Ind. 148, 34 L. R. A. 363, 51 Am. St. 165.

Upon examination of the record, we find that the first four, and no other, paragraphs of answer were filed September 15, 1906, and the demurrers to all except the first were sustained on October 13, 1906. Then follows an entry dated March 15, 1907, showing the filing of the amended fifth, sixth, seventh and eighth paragraphs of answer. The transcript does not show the filing of the paragraphs that the ones now being considered are said to amend, nor does it show anything with reference to the facts set forth in such original paragraphs, if such were filed. Each of these so-called amended paragraphs proceeds upon the theory that the policy in question was issued under such circumstances as rendered it voidable at the election of appellant,

NOVEMBER TERM, 1910.            541

American Cent. Life Ins. Co. *v.* Rosenstein—46 Ind. App. 537.

.and that appellant elected to rescind the contract, and offered to return the premium received by it on account thereof. The averments of each answer respecting appellant's offer to return said premium are as follows: "Defendant says that on learning that said answer [referring to a certain answer in the application] was false and untrue, the defendant took steps to return the premium received on account of said policy, and made inquiry at the office of the clerk of the circuit court of Marion county to ascertain if letters of administration had issued on the estate of said Frank Rosenstein, or if said estate had been in said court; and that defendant was informed by said clerk that no proceedings relative to said estate had been taken in said court." It was also averred that the insured left surviving him his wife, Ida Rosenstein, who, on October 31, 1906, by proper proceedings in the Marion Circuit Court, had set over to her by order of that court the entire estate of the insured, in value less than $500; "that upon learning of the fact that the Marion Circuit Court had set over to said Ida Rosenstein, widow of Frank Rosenstein, the entire estate of said Frank Rosenstein, it, on or about the first of November, 1906, tendered to said Ida Rosenstein the sum of $68.25, being the premium paid by said Frank Rosenstein to defendant for and on account of said policy of insurance herein sued upon;" that she refused said tender and refused to accept said sum "for and on account of said policy, as aforesaid, and defendant now brings into court said sum of $68.25, and by leave of court deposits the sum with the clerk of this court for the benefit of said Ida Rosenstein, widow, or for the benefit of such other person or persons as the court may determine is or are entitled thereto." In March, 1906, appellant learned of the untruthfulness of certain answers in said application.

In this State the rule is well settled by a long line of decisions, beginning with the case of *Calhoun* v. *Davis* (1851),

2 Ind. *532, that before a party will be allowed to 2. rescind his contract he must restore, or offer to restore, the other party to his original situation. But this rule must be considered in connection with another equally as well supported, to the effect that before a party can have a rescission of a contract for fraud or for breach of warranty he must not only return or offer to return whatever of value he had received by the contract, but he must elect to rescind and place the other party *in statu quo* within a reasonable time, or "with reasonable promptitude" after knowledge of the facts relied on for a rescission. A failure to pursue this course affirms the contract. *Horner* v. *Lowe* (1902), 159 Ind. 406; *Modern Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711; *United States, etc., Ins. Co.* v. *Clark, supra; Fisher* v. *Wilson* (1862), 18 Ind. 133; *Watson Coal, etc., Co.* v. *Casteel* (1879), 68 Ind. 476; *Schreiber* v. *German-American Hail Ins. Co.* (1890), 43 Minn. 367; *State Ins. Co.* v. *Gray* (1890), 44 Kan. 3. 731. In such cases a reasonable time is ordinarily a question of fact, but where the facts have been ascertained, or where they are undisputed or admitted, it becomes a question of law. *American, etc., Glass Co.* v. *Indiana, etc., Oil Co.* (1906), 37 Ind. App. 439; *Pickel* v. *Phenix Ins. Co.* (1889), 119 Ind. 291, 300; *Employers, etc., Corp.* v. *Light, etc., Co.* (1902), 28 Ind. App. 437; *Hill* v. *Hobart* (1839), 16 Me. 164; *Wingate* v. *King* (1843), 23 Me. 35.

We are not unmindful of that line of cases holding that it is unnecessary for the insurer to refund the premium in order to avail itself of a stipulation in the contract 4. providing that it shall be void in case the applicant shall misrepresent a fact material to the risk, or in case of misrepresentations in the application which are made warranties. In the contract before us there is no such stipulation. Had it contained such a stipulation it would not be void under the settled law of this State, but

voidable at the election of appellant, for the obvious reason
that the insurer alone, in case of a warranty, may waive
or take advantage of it. *Masonic, etc., Assn.* v. *Beck*
(1881), 77 Ind. 203; *Excelsior Mut. Aid Assn.* v. *Riddle*
(1883), 91 Ind. 84; *Glens Falls Ins. Co.* v. *Michael* (1907),
167 Ind. 659; *Modern Woodmen, etc.,* v. *Vincent* (1907),
40 Ind. App. 711; *United States, etc., Ins. Co.* v. *Clark, su-
pra; Aetna Life Ins. Co.* v. *Böckting* (1907), 39 Ind. App.
586; *Selby* v. *Mutual Life Ins. Co.* (1895), 67 Fed. 490.

The last case cited was an action on three life insurance
policies, to which defendant answered in avoidance, untrue
statements of the insured in his written application upon
which the policies were issued.    In that case it was said
that "a complete defense on the ground of a breach of the
warranty could be made only by alleging that defendant
had claimed and exercised its right within a reasonable
time, and that there had been an actual rescission of the
contract, or at least the answer should disaffirm the con-
tract, and plead a tender of the premiums.    3 Am. and Eng.
Ency. Law 929, 932; Parsons, Contracts (7th ed.) 677,
681."

*Glens Falls Ins. Co.* v. *Michael, supra,* was an action
brought upon a fire policy, wherein it was provided: "This
entire policy shall be void if the insured has concealed, or
misrepresented in writing or otherwise, any material fact
or circumstance concerning this insurance or the subject
thereof; or if the interest of the insured in the property be
not truly stated herein;    *    *    *    this entire policy,
*    *    *    shall be void    *    *    *    if the interest of the in-
sured be other than unconditional and sole ownership."    It
was shown that the interest of the insured in the property
covered by the policy was that of life tenants only; that the
policy was issued without any oral or written statement and
that they had no knowledge of the condition in said policy
with reference to title.    In that case it was held that the word
"void" was used in the policy in the sense of "voidable."

544    APPELLATE COURT OF INDIANA,

American Cent. Life Ins. Co. v. Rosenstein—46 Ind. App. 537.

The transcript before us shows that the insured died on January 19, 1906. In March, 1906, appellant knew the facts upon which it might base a rescission of the contract. It then inquired of the clerk of the Marion Circuit Court regarding letters of administration on the estate of the insured. This action was commenced in June, 1906. September 15, 1906, appellant answered appellee's complaint, upon the theory that the contract was absolutely void, without returning or offering to return the premiums. On October 31, 1906, by proceedings begun and had in the Marion Circuit Court, the property of the insured was set over to the widow under §2943 Burns 1908, §2419 R. S. 1881. November 1, 1906, the money received by appellant, on account of said policy, was tendered to the insured's widow. March 15, 1907, appellant pleaded a tender of the premium and paid the money into court for the use of the party entitled to it. ·

From these facts it will be seen that no reason is given for a tender of the premiums to the widow, and, in the absence of the facts, we are not authorized to infer that the tender was made upon a rescission of the contract. At the time of this tender this action had been pending more than four months, and appellant had answered the complaint upon the theory of no contract. One year had passed after knowledge of all facts, and this action was pending nine months before appellant interposed a defense on the theory of a rescission. It will also be observed that in none of said paragraphs of answer is it directly averred that the insured had no personal representative to whom appellant might have returned the premiums. The averment that defendant made inquiry at the clerk's office and was informed by the clerk that no proceedings relative to said estate had been taken in said court, is not an averment of the fact that no letters had been issued. If letters had issued, appellant was bound to take notice thereof,

NOVEMBER TERM, 1910.          545

American Cent. Life Ins. Co. *v.* Rosenstein—46 Ind. App. 537.

notwithstanding the clerk's statement to the contrary. It is a familiar rule of pleading, that all presumptions are to be indulged against the pleader. The application of this rule to the facts drawn from the pleadings in this case, warrant the conclusion that appellant did not elect to rescind the contract until March 15, 1907. True, prior to that time, with knowledge of all the facts, it denied liability and tried to avoid payment of the policy, without electing to disaffirm it. But we find no reason for indorsing a course of action which will allow a party entitled to rescind his contract to retain all of its benefits until all efforts for a successful defense on other grounds have been exhausted, and the other party thereby put to expense, before electing to rescind and in good faith offering to return that which he has thus received. The principle underlying this conclusion is well supported. *McCormick* v. *Royal Ins. Co.* (1894), 163 Pa. St. 184, 29 Atl. 747; *Continental Ins. Co.* v. *Waugh & Son* (1900), 60 Neb. 348, 83 N. W. 81; *Smith* v. *German Ins. Co.* (1895), 107 Mich. 270, 65 N. W. 236; *Towle* v. *Ionia, etc., Fire Ins. Co.* (1892), 91 Mich. 219, 51 N. W. 987; *Brink* v. *Hanover Fire Ins. Co.* (1880), 80 N. Y. 108; *Georgia Home Ins. Co.* v. *Allen* (1900), 128 Ala. 451, 30 South. 537.

The payment of the money into court, as stated, in the last four paragraphs, and the averment of the facts regarding the breach of warranty by the insured, together with facts showing a disaffirmance of the contract, would not constitute a defense to appellee's complaint, if the election to rescind and its offer of *statu quo* was not within a reasonable time after learning of the facts upon which it claimed a forfeiture.

The law does not favor forfeitures, and courts will look carefully to every circumstance, act or course of action

indicating an election to waive a forfeiture. "Such a waiver need not be based upon any new agreement of an estoppel." *Titus* v. *Glens Falls Ins. Co.* (1880), 81 N. Y. 410, 419.

In the case of *Queen Ins. Co.* v. *Young* (1888), 86 Ala. 424, 5 South. 116, 11 Am. St. 51, quoted with approval by this court in the case of *Supreme Tribe, etc.,* v. *Hall* (1909), 24 Ind. App. 316, 324, 79 Am. St. 262, it was held: "If the company, after knowledge of the breach, enters into negotiations or transactions with the assured, which recognize and treat the policy as still in force, or induces the assured to incur trouble or expense, it will be regarded as having waived the right to claim the forfeiture." See, also, *Baker* v. *New York Life Ins. Co.* (1896), 77 Fed. 550.

If the insured violated his contract, and appellant was not aware of all the facts until after the insured's death, it still had the right to take advantage of such breach or to waive it. *Masonic, etc., Assn.* v. *Beck, supra.* Upon the admitted facts, the delay of appellant in exercising its right to rescind the contract was unreasonable. *New York Life Ins. Co.* v. *Baker* (1897), 83 Fed. 647, 652, 27 C. C. A. 658; *Frasier* v. *New Zealand Ins. Co.* (1901), 39 Ore. 342, 64 Pac. 814.

Aside from the question before discussed, and the conclusion reached necessarily affirming the judgment, counsel for appellant insist that, under the facts in this case, the widow of the insured was the only person entitled to receive a return of the premium on rescission of the contract. This contention, of course, is based upon the further fact that the insured had no personal representative, and that the beneficiary had no right to the proposed return premium.

The contract here in question was one entered into for the benefit of a third party, known as the beneficiary, but by a provision of the law authorizing the appellant to do business (§4703 Burns 1908, Acts 1899 p. 30, §26), and by the terms of the contract of insurance,

NOVEMBER TERM, 1910.            547

American Cent. Life Ins. Co. v. Rosenstein—46 Ind. App. 537.

the beneficiary had no vested interest therein prior to the death of the insured. *Equitable Life Assur. Soc., etc.,* v. *Stough* (1910), 45 Ind. App. 411. But upon the death of the insured the interest of the beneficiary vested, and the bringing of suit to enforce payment of the policy was an election by her to accept the contract. Having accepted the contract, it thereafter became her contract and was enforceable only by her or her representative. The death of the insured matured the policy, and while appellee occupied no better position than the insured with reference to equities, or other grounds affecting the validity of the policy, yet from that time on her interest could not be divested or defeated except by her own act, or as provided for in the policy. *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379. Appellant's liability upon the policy was no longer to the insured, but to such beneficiary; for, as stated in the case of *Johnson* v. *Central Trust Co.* (1903), 159 Ind. 605, 610: "It is the law that creates the necessary privity, upon the acceptance of such third party, and he thereby secures the advantages and must bear the burdens that properly belong to him as a party to the contract." See, also, *Foster* v. *Leininger* (1904), 33 Ind. App. 669; *Miller* v. *Billingsly* (1873), 41 Ind. 489; *Miller* v. *Land, etc., Co.* (1872), 66 N. C. 503.

The position of appellee with respect to the policy in suit excludes the widow or the personal representative of the insured from in any manner doing anything which would jeopardize her rights or interest in the policy or her right of action thereon. It appears to us that the relation of appellant and appellee is somewhat analogous to that of debtor and creditor, wherein the rule respecting tender, as collected from the decided cases, seems to be as follows: "A valid tender can only be made to the holder of the debt, or some person representing him, who has, at the time of the tender, power to accept it, and who, if the circumstances call for a transfer of the debt, has also

power to assign it." 28 Am. and Eng. Ency. Law (2d ed.) 36.

This court has held that "a tender of money, to be sufficient, must first be offered to the party entitled to receive it, or to some one authorized to receive it for him, and, if refused, the money must then be paid into court for his use and benefit." *Phoenix Ins. Co.* v. *Overman* (1899), 21 Ind. App. 516.

The law governing tender, to which we have referred, and the settled law in this State requiring insurance companies to return or offer to return the fruits of their contracts with the insured, if they would rescind them, being entirely consistent during the lifetime of the insured, are not rendered inharmonious by the substitution of the beneficiary in place of the insured after the latter's death. For, as we have seen, the law governing this class of contracts creates the necessary privity on the part of the beneficiary, and thereafter the company and the beneficiary are the only parties in interest. The purpose of appellant in offering to return the premium was not that it should be applied upon the contract, but to avoid it, and if appellee alone could enforce payment of the contract, she alone could have accepted a return of the premium in bar of the action, a thing the personal representative of the insured or the widow could not do.

It must be kept in mind that the policy in question was not void, but voidable at the election of the insurer, and that the rules applicable to a recovery of the premium in the one case are not applicable in the other. *Shelby* v. *Mut. Life Ins. Co., supra; American, etc., Ins. Co.* v. *Bertram* (1902), 163 Ind. 51, 64 L. R. A. 935; *American Mut. Life Ins. Co.* v. *Mead* (1906), 39 Ind. App. 215.

The question now being considered is one of first impression in this State, and sound reason requires us to hold that an election to rescind because of a breach of warranty or for fraud should not only be made known to the person en-

titled to enforce payment of the policy, but a tender or offer to return the premiums should be made to such person with reasonable promptitude after knowledge of all the facts. In case of refusal to accept and suit is commenced on the policy, such premiums may be paid into court for the benefit of the party entitled thereto. But in this case, as we have seen, the tender came too late.

The case of *Hexon* v. *Knights, etc.* (1908), 140 Iowa 41, 117 N. W. 19, was an action upon a certificate of membership in a society, the by-laws of which made such certificate void in case the insured engaged in a prohibited occupation. The occupation of the insured at the time of his death being prohibited and the society not having waived the by-law, and not having discovered the fraud until after the insured's death, and there being no legal representative, it appears that the court was of the opinion that the society was excused from offering to return the premiums, on the theory that such return must be to the insured or to his legal representative. But in that opinion, the court did not consider the reasons which lead us to a different conclusion with respect to the person legally entitled to receive a return of such premiums, if the company desired to rescind its contract.

The demurrers to the several answers were properly sustained.

Judgment affirmed.

Comstock, C. J., Watson, Hadley and Roby, JJ., concur. Rabb, J., dissents.


## DISSENTING OPINION.

RABB, J.—I do not concur in the view that in order to avoid the contract of insurance sued upon it was essential that the insurance company tender to the beneficiary the premium received by it from the assured, as the consideration for its contract.

Where the right to rescind a contract requires the party seeking such rescission to place the other contracting party in *stalu quo,* the tender must be made to the party with whom the contract was made, or to his representative. This rule is elementary and universal, and applies to a contract of insurance equally with all other contracts.

All the rights of a beneficiary in an insurance contract grow out of the contract, and depend upon its existence and validity. None can or do arise out of its rescission. The rescission of the contract is its destruction. It leaves the parties as though the contract had never been made.

If this policy vested—as some life insurance policies do —a present interest in the beneficiary could not be destroyed or affected by any subsequent agreement between the company and the insured, and if the assured were living, it would scarcely be contended that a tender of the premium paid, made to the beneficiary, under such circumstances, would put the company in a position to claim a rescission of the contract, on the grounds set forth in appellant's answer in this case, and, in my view, the death of the assured in nowise altered the duties and the rights of the company in this respect.