[No. 1266, July 27, 1910.]

## CORDELIA IRWIN, Appellant, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellee.

### SYLLABUS (BY THE COURT.)

1. Where the defendant admits liability and advises and requests plaintiff to bring suit in order to dispose of the conflicting claims of a third party and for no other purpose, he will not, after plaintiff has begun suit and incurred costs. be permitted to deny liability.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Chief Justice. Reversed.

REID & HERVEY for Appellant.

The application of Estes for membership in the defendant order should have been admitted in evidence. 29 Cyc. 67 citing A. O. U. W. vs. Jessee, 50 Ill. App. 101; Association vs. Hand, 29 Ill. App. 73; Association v. Bloom, 21 Ill. App. 159; Page on Contracts, vol. 2, sec. 1126 and cases cited; Insurance Co. v. Dutcher, 95 U. S.

Irwin v. Woodmen.

273; Sattler v. Hallock, 160 N. Y. 291, 73 A. St. Rep. 686; Pratt v. Prouty, 104 Ia. 419, 65 American State Rep. 472; Wyatt v. Larimer Co., 18 Col. 298, 36 American State Rep. 280.

The term parent includes a person standing in loco parentis. Texas Penal Code, art. 490; Walter v. Association, Minn., 44 N. W. 557; Snowden v. State, 12 Tex. App. 105-107, 41 American Rep. 667; Ferguson v. Jones, 17 Ore. 204, 20 Pac. Rep. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808; Hurley v. O'Sullivan, 137 Mass. 86; Bolton v. Gile, 50 Wis. 614, 7 N. W. 561; Schunck v. G. W. & W. F., 44 Wis. 369; Erdmann v. Ins. Co., 44 Wis. 376; Sheehan v. Association, 142 Cal. 489, 76 Pac. 238; Abbott's Law Dictionary, art. "Child"; Aetna Insurance Co. v. Martin, 73 Me. 25.

"Where a holder of a certificate in a mutual benefit society desires to change the beneficiary therein, and does all that he is required to do by the laws of the society, and then dies before the change is completed, a court of equity will decree the payment of the money the same as if the desired change had been fully completed in the lifetime of the assured." Heydorf et al. v. Courack, 52 Pac., Kan. 700; Conclave v. Coppella, 41 Fed. 1; Section 4015, Laws of Nebraska; Barton v. Provident, etc., Ass'n, 63 N. H. 535; Richmond v. Johnson, 28 Minn. 447; Masonic etc. Society v. Burkhart, 110 Ind. 193; Am. Legion of Honor v. Perry, 140 Mass. 580; Manning v. A. O. U. W., 5 S. W. 385.

In the absence of fraud, the provisions of a certificate or policy of insurance will prevail over any mere by-law with which it may conflict. Morrison v. Insurance Co., 59 Wis. 162, 18 N. W. 13; McCoy v. Association, 92 Wis. 577, 583, 66 N. W. 697, 47 L. R. A. 68; Davidson v. Society, 39 Minn. 303, 39 N. W. 803, 1 L. R. A. 482; Ins. Co. v. Keyser, 32 N. H. 313, 64 Am. Dec. 375; Ledebuhr v. Wis. Trust Co., Wis., 88 N. W. 607; Grand Lodge A. O. U. W. v. McKinstry, 67 Mo. App. 82, 87; Poor v. Hudson Ins. Co., 2 Fed. 432; Hogg v. Lobb's Ex'r, 32 Atl. 631; Wilson v. Cochran, 31 Tex. 677, 98 Am. Dec. 553; Good v. State, 16 Tex. App. 411; Ferbrache v. Grand Lodge, 81 Mo. App.

Irwin v. Woodmen.

268; Hofman v. Grand Lodge, B. L. F., 73 Mo. App. 47; Coulson, et al. v. Flynn, 180 N. Y. 62, 73 N. E. 507; Tepper v. Royal Arcanum, 61 N. J. Eq. 638, 47 Atlantic 460; 88 American State Rep. 449; Carmichael v. Ass., 51 Mich. 494, 16 N. W. 871; Lodge v. McKinstry, 67 Mo. App. 82.

Upon the general question of waiver and estoppel see Alexander v. A. O. U. W., Ia., 93 N. W. 508; Storey v. Association, 95 N. Y. 474; Lindsley v. Society, Ia., 50 N. W. 29; Seivel v. Association, Wis., 68 N. W. 1009; Alfsen v. Crouch, 115 Tenn. 352, 89 S. W. 329; Ledebuhr v. Wis. Trust Co., 112 Wis. 657, 88 N. W. 607; Bloomington Mut. Ben. Assn. v. Blue, 120 Ill. 121, 11 N. E. 331, 60 Am. Rep. 558; Tramblay v. Supreme Council, C. B. L., 90, N. Y. App. Div. 39; West v. Grand Lodge A. O. U. W., Tex., 37 S. W. 966; Gruber v. A. O. U. W., Minn., 81 N. W. 743.

The phrase "person or family dependent upon him," in the constitution of a life association providing that the benefits were to be paid on behalf of a member or such member or members of his family or persons dependent upon him as he should direct or designate by name was considered not to include any persons who were not actual relatives or standing in the place of relatives of the same relation, or some actual dependent upon the member. Duval v. Hart, 43 Fla. 15 S. R. 876; Supreme Lodge K. of H. v. Marian, 60 Mich. 44, 26 N. W. R. 826.

D. W. ELLIOTT for Appellee.

When a mutual benefit certificate in which plaintiff was a beneficiary, was surrendered by the assured in his life time and a new certificate issued to another beneficiary, the original certificate became *functus officio.* Coulson v. Flynn, 73 N. E. 507; Baldwin v. Begley, 56 N. E. 1065; Luhrs v. Supreme Lodge, etc., 7 N. Y. Supp. 487; Fisk v. Equitable Aid Union, 11 Atl. 84.

The constitution of the order controls. Ins. Co. v. Dutcher, 95 U. S. 273; Bacon's Benefit Soc., secs. 245, 252.

Plaintiff was not dependent of deceased. Hoffman v.

Grand Lodge, etc., 73 Mo. App. 47; Dalton v. Knights of
Columbus, 11 A. & E. Ann. Cas. 568; Supreme Lodge
Order of Mutual Protection v. Dewey, et al., 7 A. & E. Ann.
Cas. 681 and note page 684; Alexander et al. v. Parker,
114 Ill. 355; Caldwell v. Grand Lodge, etc., Calif., A.
& E. Ann. Cas. 356, and note on page 358; Grand Lodge
O. H. v. Elsner, 26 Mo. App. 108; Bower v. Supreme
Lodge, etc., 87 Mo. App. 614; Bacon's Benefit Societies &
Life Ins., Sec. 261.

## STATEMENT OF FACTS.

This action was brought by the appellant against the
appellee to recover the sum of $1,000.00, the amount of the
beneficiary certificate issued by the appellee to one Thomas
F. Estes, a member of the appellee order. Shortly before
his death, the said Estes had made a change of beneficiary
by which the appellant was named in the place of
one Rita Diaz. The record shows that appellant had regu-
larly adopted the said Estes as her son and she was named
in the beneficiary certificate as foster-mother and depend-
ent of the said Estes. Due proofs of the death of Estes
were made to the company according to the rules and regu-
lations, and proof also of the relationship of the appellee
with deceased. Thereafter, the appellee issued its warrant
for the amount of the beneficiary certificate payable to ap-
pellant. The appellant deposited the same in the Citizen's
Bank of Roswell, New Mexico, for collection. Upon pre-
sentation to appellee, payment was refused by it for the
reason that Rita Diaz had in the meantime asserted a claim
to the fund.

Thereafter some correspondence was had with the
chairman of the Sovereign Finance Committee of the Ap-
pellee, the said committee being empowered by the by-laws
of appellee, to pass upon and approve all claims made
against it, in which the said chairman explained to the
clerk of the local lodge, to this appellant and to her attor-
neys, that said committee considered her, the appellant, as
the rightful beneficiary for the reason that she had adopted
Estes as her son, that had it not been for the adverse claim
of Rita Diaz she would have been paid, and further wrote

Irwin v. Woodmen.

to the counsel commander of the local lodge at Roswell to see if he could not get the attorney of Rita Diaz to withdraw his objections so that the appellant could be paid or to see that "suit is brought against the order by one party or the other to recover the amount of the certificate, and we will interplead the money into court and let that tribunal settle the matter. It does seem too bad that a part of this certificate should have to be used up in attorney and court fees to determine the rightful beneficiary. I hope the officers of your camp can bring such influence to bear upon these parties to see that Mrs. Irwin is not made to go to court to recover the amount of this certificate. We hope that you will see Attorney Gatewood and if he does not bring suit against the order we will not allow any unnecessary delay to keep us from making the payment of this claim, as we desire to pay our claims promptly." Later, on January 10, 1908, in a letter to the attorneys of the appellant, the same officer informed them that "our committee have been notified by Attorney W. W. Gatewood, representing Rita Diaz, to withhold the payment of this claim from any party excepting her. This you will see makes contesting claims under this certificate, and we feel that we should protect the order in this matter. We presume that it will be necessary for one of the contesting parties to bring suit against the order, and we can interplead the money into court, unless they can settle it between themselves as to who is the rightful beneficiary."

Suit was then brought by appellant in the District Court of Chaves County, in which suit the said Rita Diaz intervened and set up her claim. The case was tried by jury. The appellee defended on the ground that the contract was *ultra vires* and void. The court directed a verdict in favor of appellee and rendered judgment therein against both the appellant and Rita Diaz, from which judgment this appeal was prosecuted. Rita Diaz has not appealed.

### OPINION OF THE COURT.

MECHEM, J.—From the view we take of this case it will be unnecessary to discuss the numerous assignments of error, for the judgment of the lower court must be re-

versed and judgment entered for the appellant. In Moore v. Beiseker, 147 Fed. (C. C. A.) 367 (Eighth Circuit) the court said:

"In the Kansas Union Life Insurance Company v. Burman (C: C. A.) 141 Fed. 835, where an insurance agent for the insurance company, under a salary contract and for certain commissions, sent in his resignation specifying certain grounds therefor, which did not include the objection that the insurance company had failed to renew its license in the state where the agent was operating under the contract, and in his suit to recover damages for a breach of the contract for employment he assigned, *inter alia*, such failure to renew the license as a ground for recovery, it was held that he was estopped from alleging such ground as the cause of his resignation. The court said:

"It is a wholesome rule of law, instinct with fair play, expressed by Mr. Justice S. W. Anye, in Railway Company v. McCarthy, 96 U. S. 267, 24 L. ed. 693, that 'where a party gives a reason for his conduct and decision touching anything in a controversy, he cannot, after litigation has begun, put his conduct on another and different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law.' This principle has been applied in the following instances: Davis v. Wakallee, 156 U. S. 690, 39 L. ed. 578, where a bankrupt obtained his discharge, claiming that the judgment against him was not affected by it, it was held that he could not, in a subsequent action on the judgment deny its validity. In Davis, etc., Company v. Dix, 64 Fed. 411, where it was held that the purchasers of a creamery repudiating the contract on the ground of fraudulent representations, could not thereafter set up an interpolation in the contract. In Harriman v. Myer, 45 Ark. 40, where it was held that the defense that a tender was not made in ready money was not admissible where the prior objection was to inadequacy of price, etc., etc."

Also in Farmers' Milling Co. v. Mill Owners' Mutual Ins. Co., Iowa, 103 N. W. 207, where it is said: "After distinctly and definitely resting denial of liability upon the ground that the policy was suspended and cancelled because

of non-payment of assessments, the defendant cannot be permitted, after suit has been brought and costs incurred by the plaintiff, to mend its hold and assert some other ground of defense."

And in the case of Continental Insurance Company v. Waugh, (Nebraska) 83 N. W. 81, the rule is applied as follows: "Having assigned as a reason for refusal to pay the alleged failure of the assured to preserve his books of account, and presenting that objection alone as a justification for disavowing its liability under its contract of indemnity, it cannot after litigation is begun, be heard to urge other and additional grounds for refusing the payment for the loss sustained."

See also Supreme Tent K. of M. of the World v. Volkert, Ind., 57 N. E. 203 and cases cited.

This general rule is laid down in 16 Cyc. 786, in the following language: "So where a person has acted or refrained from acting in a particular way upon the request or advice of another, the latter is estopped to take any position inconsistent with his own request and advice, to the prejudice of the party induced to act."

The appellee having admitted the validity of appellant's claim, and having refused payment solely for the reason of a contesting claim by Rita Diaz, and having advised appellant and her counsel to bring suit, which was to be friendly and uncontested by it as far as appellant was concerned, and for no other purpose than to dispose of the claim of Rita Diaz, appellee will not be permitted, after appellant has begun suit and incurred costs, to interpose another defense.

The judgment of the lower court is reversed and remanded with directions to the court below to reinstate the case upon the docket and enter judgment in favor of the appellant, Cordelia Irwin, for the amount due on the beneficiary certificate sued on, with such interest and costs as the law provides. And it is so ordered.

Associate Jusice Wright, who was appointed after the submission of this case, did not participate.